DANAHY, Judge.
The appellant appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He set forth three grounds for relief in his motion. The allegations with respect to ground 1, that the appellant’s guilty plea was entered involuntarily because the appellant was not advised fully of the consequences of that plea, might entitle the appellant to relief. The trial court, however, failed to conduct an eviden-tiary hearing or attach portions of the record which refute the appellant’s allegations.
*1098 The trial court was correct in summarily denying the appellant’s motion as to the other grounds asserted therein.
Accordingly, we reverse in part the trial court’s denial of the appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the allegations regarding ground 1 and attach to its order those portions of the record which conclusively show that the appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegations set forth in the motion as ground 1. Fla.R. Crim.P. 3.850; Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BOARDMAN, A.C.J., and LEHAN, J., concur.