455 So.2d 555 (1984)
Marvin E. BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
No. AY-131.
District Court of Appeal of Florida, First District.
August 24, 1984.
Rehearing Denied October 2, 1984.
Marvin E. Blackshear, pro se.
Jim Smith, Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Blackshear appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
*556 Blackshear pled guilty to the charge of escape after his court-appointed attorney advised him that the maximum penalty for escape was fifteen years, but under an agreement with the state attorney a five-year penalty would be recommended to the judge. After asking Blackshear if his counsel had explained the maximum penalty for escape, the trial court accepted Blackshear's plea of guilty and imposed the recommended five-year penalty. Blackshear now argues that he was not fully advised of the consequences of his plea since his counsel failed to tell him that he could lose his accumulated gain time on the sentence being served when the alleged escape occurred upon conviction.
Before a plea of guilty may be accepted, the trial court must determine, among other things, that the defendant understands the nature of the charge and the consequences of his plea. Williams v. State, 316 So.2d 267 (Fla. 1975). The trial court, however, "is not required to advise the accused of every collateral consequence which follows from a guilty plea." Polk v. State, 405 So.2d 758, 761 (Fla. 3d DCA 1981). The distinction between direct and collateral consequence of a plea "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982).
The forfeiture of gain time following a plea of guilty is accomplished by a proceeding which is not an automatic or mandatory procedure, but "may" be done in the discretion of the Department of Corrections. Section 944.28, Florida Statutes (1983). The proceeding is not instituted by either the state attorney or the trial judge. This discretionary forfeiture of accumulated gain time pursuant to Section 944.28 is a collateral consequence of Blackshear's guilty plea of which neither the trial court nor his counsel must advise him for the plea to be valid. See Rosemond v. State, 433 So.2d 635 (Fla. 1st DCA 1983), and see generally, Edwards v. State, 393 So.2d 597 (Fla. 3rd DCA 1981).
Accordingly, the trial court's order is AFFIRMED.
SMITH and ZEHMER, JJ.,