480 So.2d 228 (1985)
John William RAY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2567.
District Court of Appeal of Florida, Second District.
December 27, 1985.
DANAHY, Judge.
John William Ray appeals the summary denial of his motion for postconviction relief. We reverse.
Ray alleged that he was offered his choice between two different sentence dispositions in exchange for his agreement to plead guilty to a charge of armed robbery. He could accept the three-year minimum mandatory sentence required by section 775.087(2), Florida Statutes (1983), or the state could forego the allegation that a firearm was used and Ray would receive instead a sentence of four and one-half years. Ray further stated that he asked his attorney which alternative would be preferable, and was advised to opt for the three-year sentence because he still would be eligible for so-called "incentive" gain time.[1] After following his attorney's advice *229 and receiving the three years, Ray discovered that he was barred by law from eligibility for any type of gain time. Thus, he reasoned, counsel had been ineffective by virtue of his erroneous advice and, as a result, the plea was not entered freely and voluntarily.
The trial court, denying Ray's motion, attached a copy of James v. Department of Corrections, 424 So.2d 826 (Fla. 1st DCA 1982), which states that there is neither statutory nor administrative authority for denying incentive gain time to prisoners serving minimum mandatory sentences pursuant to section 775.087(2), Florida Statutes (1983). However, James was decided prior to the passage of chapter 83-215, section 51, Laws of Florida, which amended section 775.087(2), and prior to the enactment of Florida Administrative Code Rule 33-11.065(1). The revised statute and rule apply to all offenses committed after August 12, 1983, apparently including Ray's charge, and provide that prisoners are no longer eligible for incentive gain time until after they have served the entirety of any minimum mandatory sentence.[2] Thus Ray's appraisal of his status regarding gain time is correct. If counsel did tell Ray that he would be eligible for incentive gain time during the course of his three-year term, he was indeed mistaken.[3]
Ray urges that had counsel correctly apprised him of the status of the law, he would have asked to receive the four and one-half year sentence. Had he made this choice, the Department of Corrections first would have established a "tentative release date" by deducting basic gain time from Ray's maximum sentence. The resulting presumptive sentence, by our calculations, also would have totaled three years, but because it would not have involved a minimum mandatory sentence Ray further would have been eligible for whatever incentive gain time he was motivated to earn.[4] Assuming Ray accumulated a satisfactory prison record, his actual period of incarceration likely would have been less than the three years he is presently destined to serve.
We recognize that a defendant may not always be entitled to withdraw a plea of guilty because his sentence is not what his lawyer led him to expect. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). However, we perceive a difference between a "judgment call," whereby an attorney offers an honest but incorrect estimate of what sentence a judge may impose, and a clear misstatement of how the law affects a defendant's sentence. A criminal defendant is entitled to reasonable reliance upon the representations of his counsel and, if he is misled by counsel as to the consequences of a plea, he should be permitted to withdraw that plea. Trenary v. State, 453 So.2d 1132 (Fla. 2d DCA 1984). In the instant case we are unable to state as a matter of law that ineffectiveness of counsel did not occur if Ray's allegations are true.
We remand this case to the trial court with directions either to afford Ray a hearing on his motion or to attach sufficient portions of the record to refute Ray's claims. If the trial court decides in Ray's favor, it should either enforce the alternative plea bargain or, if unable to do so, should afford Ray the opportunity to withdraw his plea. If the trial court again denies the motion, Ray must file a notice of *230 appeal within thirty days to obtain further appellate review.
Reversed.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] Section 944.275, Fla. Stat. (1983), authorizes the Department of Corrections to award two different types of gain time. First, there is "basic" gain time, which is awarded automatically at the beginning of a prisoner's sentence and is computed at the rate of ten days per month. Additionally, the Department may award "incentive" gain time to prisoners who perform work service or who otherwise distinguish themselves favorably.
[2] Section 775.087(2) as amended precludes eligibility for "statutory gain time under [section] 944.275," which we construe to include incentive gain time. Rule 33-11.065(1) specifically prohibits awarding incentive gain time until the prisoner has served the whole of any minimum mandatory sentences.
[3] Ray makes no claim that he was also led to expect deduction of basic gain time.
[4] There is no automatic right to receive incentive gain time, Dickinson v. Wainwright, 416 So.2d 40 (Fla. 1st DCA 1982); but the procedures for awarding incentive gain time must be applied uniformly, Pettway v. Wainwright, 450 So.2d 1279 (Fla. 1st DCA 1984).