492 So.2d 753 (1986)
Dwayne D. HAGANS, Appellant,
v.
STATE of Florida, Appellee.
No. BL-64.
District Court of Appeal of Florida, First District.
August 5, 1986.
*754 Gerald B. Stewart, Jacksonville, for appellant.
No appearance for appellee.
MILLS, Judge.
Hagans appeals from the denial of his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. We affirm.
In February 1984, Hagans pled guilty to one count each of armed robbery and attempted second degree murder. At the time of the plea, the trial court placed Hagans under oath and proceeded to make detailed inquiries of him as to whether he understood its nature and consequences. Hagans was also asked if he had been coerced to enter the plea; he responded in the negative, and indicated that the reason for his plea was the strong evidence against him. The court inquired as well as to Hagans' satisfaction with his counsel, and asked if there was anything counsel had failed to do. Hagans indicated his satisfaction with his attorney, stating twice that "he (the attorney) did a nice job."
The court found the plea voluntarily entered and, in March 1984, adjudicated Hagans guilty. He was sentenced outside of the guidelines to two concurrent twelve-year terms. Hagans appealed, arguing that the trial court failed to provide clear and convincing reasons for the departure. The sentence was affirmed by this court without opinion in Hagans v. State, 459 So.2d 1043 (Fla. 1st DCA 1984).
The instant 3.850 motion was filed in July 1985, alleging ineffective assistance of counsel, that the guilty plea had been unlawfully induced and that the trial court had abused its discretion in exceeding the sentencing guidelines. The trial court denied the motion by form order on the grounds that Hagans was relitigating issues already presented on direct appeal, that the record showed he was entitled to no relief and that his factual allegations lacked the requisite specificity. Attached to the order were transcripts of the plea and sentencing proceedings wherein Hagans expressed satisfaction with his counsel and testified that his plea was motivated only by the strength of the evidence against him.
The motion was properly denied with regard to the sentencing guidelines issue because it had already been raised and determined on direct appeal. See Adams v. State, 484 So.2d 1216 (Fla. 1986). While the allegations of a coerced plea and ineffective assistance of counsel are properly raised, the portions of the record attached by the trial court conclusively show that Hagans is entitled to no relief.
In Thomas v. State, 419 So.2d 1141 (Fla. 1st DCA 1982), this court affirmed the denial without a hearing of a motion for post-conviction relief which alleged that the defendant's guilty plea was coerced and his counsel ineffective. The court based its decision on the presence in the record of a document signed by the defendant which averred that his plea was not the result of coercion and that he was satisfied with his attorney's services. Thomas at 1142. In this case, Hagans testified under oath that his plea was not coerced and that his counsel had done a good job. Such sworn testimony is in our view the equivalent of the signed documents relied on in Thomas.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.