508 So.2d 524 (1987)
Ernest NETHERLY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-788.
District Court of Appeal of Florida, Second District.
June 10, 1987.
PER CURIAM.
Ernest Netherly appeals from the summary denial of his post-conviction motion filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. We reverse.
Among the grounds urged by Netherly in support of his motion before the trial court was the contention that his nolo contendere plea to a charge of escape was involuntary. He asserted that he was not informed by his attorney that the conviction resulting from his plea would cause him to lose 2514 days gain-time thus extending his release date from December 1986 to October 1993. If it is true that he was not told of that consequence, Netherly was entitled to withdraw his plea. Ray v. State, 480 So.2d 228, 229 (Fla. 2d DCA 1985); Wynn v. State, 452 So.2d 1097 (Fla. 2d DCA 1984).
The transcript of Netherly's sentencing hearing was attached to his motion but it does not overcome his claim that he was not advised of the effect of his plea. Indeed, the record contains a letter to *525 Netherly from his public defender confirming that she misinformed him about the amount of gain-time his conviction would cause him to lose. At the very least the trial court, consistent with Rule 3.850, should have required the state to respond to his motion. Thus, we reverse the denial of Netherly's motion and remand to the trial court with directions that it follow Rule 3.850. Huntley v. State, 493 So.2d 58 (Fla. 1st DCA 1986).
Reversed and remanded with directions.
DANAHY, C.J., and RYDER and FRANK, JJ., concur.