511 So.2d 375 (1987)
R.C. STEWART, Appellant,
v.
STATE of Florida, Appellee.
Nos. BO-436, BP-498.
District Court of Appeal of Florida, First District.
July 21, 1987.
Rehearing Denied August 26, 1987.
*376 R.C. Stewart, pro se.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
We have for review the trial court's order denying appellant's motion for post-conviction relief, holding the motion and the files and record in the case conclusively show the defendant is entitled to no relief, and that the motion is legally insufficient on its face. We affirm.
We affirm the denial of the motion as it relates to grounds one through six, and grounds eight and nine. The attached transcript of the plea hearing shows that the plea was voluntarily given and that appellant was satisfied with his attorney's performance. Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986); Seymour v. State, 359 So.2d 61 (Fla. 3d DCA 1978). Moreover, because the plea bargain was one for the prosecutor's recommendation of a certain sentence, and the transcript shows that the prosecutor fulfilled the agreement by making the recommendation, the court was not bound by that recommendation and was under no duty to allow appellant to withdraw his plea. State v. Adams, 342 So.2d 818 (Fla. 1977); cf. Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978). Finally, trial counsel's failure to appeal is not an issue properly raised by a 3.850 motion. Simmons v. State, 364 So.2d 869 (Fla. 1st DCA 1978). The remainder of the motion, other than ground seven, is legally insufficient insofar as it raises issues which could or should have been raised on appeal or are totally unrelated to appellant's judgment and sentence, fails to set forth sufficient facts, and alleges factual errors preceding entry of the plea.
We also affirm the denial of the motion as it relates to ground seven, alleging that uncounseled misdemeanor convictions were improperly scored in calculating appellant's guidelines sentence. It is the rule that an uncounseled conviction, absent waiver of counsel, will not support a finding of guilt or an increased term of imprisonment on a subsequent conviction. See Harrell v. State, 469 So.2d 169 (Fla. 1st DCA 1985); and Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985). It is also true that the improper scoring of uncounseled misdemeanor convictions in arriving at a defendant's guidelines sentence has been the subject of a direct appeal in Crigler v. State, 487 So.2d 420 (Fla. 2d DCA 1986), and has been collaterally attacked by a claim of ineffective assistance of counsel in Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987). Accordingly, this Court requested the State to file a brief addressing, inter alia, the question whether the scoring of uncounseled misdemeanor convictions may be raised for the first time by a motion for post-conviction relief.
The State responded that this issue could not be raised by a rule 3.850 motion. Although recognizing that the supreme court in State v. Chaplin, 490 So.2d 52 (Fla. 1986), and State v. Whitfield, 487 So.2d 1045 (Fla. 1986), permitted correction of scoresheet errors at any time by amending Fla.R.Crim.P. 3.800(a), the State distinguishes those holdings on the basis that they involved technical computational errors readily apparent on the face of the record. Instead, it relies on the position taken by our sister court in the Second District that "where the error complained of would require an evidentiary determination ... the rule change announced in Whitfield is inapplicable." Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). Thus, in Lomont, wherein by 3.850 motion the defendant claimed that he was improperly scored for three prior felony convictions when he had only one, the court affirmed the trial court's denial of the motion on the basis that the issue was one that could or should have been objected to at sentencing and made the subject of direct appeal. Alternatively, the court observed that had the defendant advised counsel of the error, and had counsel failed to make an objection, the defendant could have pursued a claim of ineffective assistance of counsel cognizable in a 3.850 motion.
We agree with the State that the type of error complained of by appellant is *377 not a simple computational error, and, thus, Chaplin and Whitfield do not apply to this case. Compare also Holland v. State, 508 So.2d 5 (Fla. 1987). As was true in Lomont, and as is evidenced in Crigler, this issue is one that could or should have been objected to at sentencing and made the subject of a direct appeal, and is therefore not cognizable on motion for post-conviction relief.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.