STONE, Judge.
We affirm an order of the circuit court which denied appellant’s motion for post-conviction relief without holding an eviden-tiary hearing. The order is based on a transcript of the plea and sentencing hearing. Appellant pled guilty to conspiracy to traffic in cocaine and trafficking in cocaine. He was sentenced to ten years in prison, which included a five-year mandatory minimum on one count, and a three-year concurrent mandatory minimum on the other. He did not appeal his sentence. The appellant asserts in his petition that he “was advised by counsel that he would receive ‘all ’ gain time, Wherefore, [sic] in that minimum-mandatory term was imposed on defendant, he cannot receive all gain time *1182 allowed by Department of Corrections.” No other facts were alleged.
We affirm because the court had a sufficient record to evaluate appellant’s claims. See, e.g., Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986). It was not an abuse of discretion for the trial court to conclude that there are insufficient new factual allegations in the petition to require an additional hearing. A copy of the transcript of the plea hearing shows that appellant was asked by the trial judge whether his plea was voluntary and whether he was promised anything. It was clearly stated on the record that the defendant would receive a ten-year sentence with a five-year mandatory minimum on one count, and a three-year mandatory minimum on the other to run concurrently. The transcript reflects that when asked if appellant was satisfied with the assistance of his attorney, he answered affirmatively. We recognize that defense counsel did indicate to the court that his client had heard that the previous method of calculating gain time had recently changed. Counsel stated that he knew of no such changes and inquired whether the court was aware of any change in the law concerning gain time effective in July of that year. The court responded that it was not aware of such a change. However, the record does not support a claim that appellant misunderstood the consequences of the mandatory minimum aspect of his plea. The transcript reflects that appellant understood that he would receive a sentence that included the mandatory minimum provisions. Appellant’s motion for post-conviction relief without an evidentiary hearing is affirmed.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.