566 So.2d 914 (1990)
Jacqueline TARPLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00570.
District Court of Appeal of Florida, Second District.
September 12, 1990.
*915 Peter P. Sleasman of Florida Institutional Legal Services, Inc., Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Jacqueline Tarpley appeals the summary denial of her motion for postconviction relief. We reverse.
Tarpley was one of several defendants charged with the abduction, rape, and attempted murder of a female victim. Tarpley was permitted to plead guilty to ten of the twelve counts set forth in the information, seven of which were also reduced to lesser offenses. A sentence of twenty years in prison, followed by ten years probation, was imposed; this represented the recommended sentence under sentencing guidelines. Tarpley now alleges that her decision to accept the plea was based on advice from trial counsel to the effect she would be eligible for both administrative gain time and work release, and that she would actually serve no more than seven years in prison. In fact, because of her conviction for sexual battery, Tarpley is eligible for neither. See §§ 944.277(1)(c), 945.091(3), Fla. Stat. (1989).
If a defendant, deciding whether to enter a plea, relies upon erroneous advice regarding the effect of gain time and similar provisions, the voluntary character of the plea may be undercut. Ray v. State, 480 So.2d 228 (Fla.2d DCA 1985). We believe that Tarpley has made the requisite showing of prejudice, subject of course to rebuttal by evidence from the record or, failing that, live testimony. The trial court's order recites only that Tarpley's motion is "denied." Accordingly, we must remand this case for further proceedings pursuant to Florida Rule of Criminal Procedure 3.850.
Reversed.
DANAHY, A.C.J., and FRANK and PATTERSON, JJ., concur.