571 So.2d 533 (1990)
Michael L. RACKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-810.
District Court of Appeal of Florida, First District.
December 11, 1990.
Rehearing Denied January 18, 1991.
Michael L. Rackley, pro se.
No appearance for appellee.
SHIVERS, Chief Judge.
Appellant/defendant appeals the trial court's summary denial of his motion for post-conviction relief, filed pursuant to Fla. R.Crim.P. 3.850. We reverse the denial with regard to two of the five grounds raised in the motion, and remand for further proceedings.
On April 17, 1989, appellant entered a negotiated plea of guilty to one count of *534 sale of cocaine, the State agreeing to recommend a sentence of ten years incarceration "with credit for 95 days as an [habitual offender]." In a separate hearing conducted on April 21, 1989, the trial court found appellant to be a habitual felony offender within the meaning of section 775.084, Florida Statutes, and imposed a sentence of ten years incarceration pursuant to the negotiated plea. The written sentence entered by the court that date specifically stated "The defendant shall not be eligible for gain-time granted by the Department of Corrections except that the Department may grant up to 20 days of incentive gain-time each month as provided for in section 994.275(4)(b)."
In February of 1990, appellant filed the instant motion for post-conviction relief. According to the factual allegations contained in the motion, appellant's original assistant public defender told appellant that he was "looking at" a term of four years whether he stood trial or pled, and that the State had offered a four-year deal if he agreed to plead guilty. Seeing no reason to enter a plea, appellant rejected the offer. Approximately two weeks later, a new assistant public defender allegedly told appellant again that the most he could receive, even if he went to trial, was four years. In April of 1989, appellant learned that the State intended to seek habitual felony offender status. He later appeared before the trial court, and was informed that he was now facing a possible 30-year sentence with a 10-year mandatory minimum. Subsequently, the second assistant public defender informed him that the State had agreed to a 10-year habitual offender sentence if appellant would enter a plea of guilty. According to appellant, she then informed him that, although he would not be eligible for administrative gain-time, he would still be eligible to have one third of his sentence reduced by statutory gain-time, would be eligible for 20 days per month of incentive gain-time, and would actually serve about four years. Based on this advice, appellant accepted the State's offer and entered into the negotiated plea of guilty on April 17, 1989. On April 21, 1989, he appeared for sentencing, represented by yet a third assistant public defender. According to appellant, it was not until the April 21 sentencing hearing that the court first indicated that he would not be eligible for statutory gain-time. Appellant alleged that he asked his counsel at that point what the court meant, but that counsel merely responded "Don't worry." In May of 1989, according to appellant, he learned that he definitely would not be eligible for statutory gain-time, and that he would serve a minimum of six years.
Based on these facts, appellant alleged in his motion that trial counsel was ineffective for failing to inform him, prior to his accepting or rejecting the original four year offer, that he could be prosecuted as a habitual offender. Second, he alleged that the second assistant public defender was ineffective for failing to explain to him that the trial court would be required to provide valid reasons for departing from the four year guideline sentence. Third, appellant alleged that counsel was ineffective for failure to investigate a defense offered to her by the appellant. Fourth, he alleged that counsel was ineffective for failing to inform him that he would not receive statutory gain-time as a habitual offender. And last, he alleged that he was coerced by the trial court and that, because of the above misrepresentations by trial counsel, his plea was not voluntarily and intelligently entered.
The trial court summarily denied appellant's motion on February 14, 1990, stating:
As the attached ten-page sentence shows, the conditions of Defendant's sentence (no gain-time will be granted) were made clear to him at sentencing. When Defendant decided to plea guilty, he gave up his right to a trial. Whitlow v. State, 256 So.2d 48 (Fla. 2d DCA 1971). Therefore, his counsel had no need to investigate his case any further. A plea form signed by a Defendant stating that his plea was freely and voluntarily entered and that he was pleased with his attorney defeats any later claims based on an involuntary plea and/or ineffective assistance of counsel. Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986).
*535 We affirm the trial court's denial of the ineffective assistance claims raised in grounds 1, 2, and 3, and of the coercion claim raised in ground 5. This court has held on numerous occasions that claims of either ineffective assistance of counsel or coercion are refuted by oral statements to the contrary made at a sentencing hearing, or by written statements to the contrary contained in a negotiated plea. See, e.g., Stewart v. State, 511 So.2d 375 (Fla. 1st DCA 1987); Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986); Thomas v. State, 419 So.2d 1141 (Fla. 1st DCA 1982); Loconte v. State, 382 So.2d 26 (Fla. 1st DCA 1979). Appellant's written negotiated plea contains statements that he was not coerced into entering his guilty plea and that he was satisfied with the services of his attorney, as well as other statements which refute the claims made in grounds 1, 2, 3, and the coercion claim in ground 5.
However, we reverse the trial court's denial of ground 4, and of the allegation in ground 5 that the plea was not voluntarily entered. In ground 4, appellant alleged that his trial counsel failed to inform him that he would not be eligible for statutory gain-time as a habitual offender. In denying this ground, the trial court held that the written sentence showed that the "conditions of defendant's sentence (no gain-time will be granted) were made clear to him at sentencing." Although the written sentence does contain such a statement, appellant's negotiated plea of guilty was entered four days prior to the written sentence, and to the sentencing hearing during which appellant alleges he first learned that he would not be eligible for statutory gain-time. Under these circumstances, the written statements contained in the April 17 negotiated plea would not refute the allegation in ground 4, or the allegation of involuntariness in ground 5. We therefore reverse the denial of those two grounds, and direct the trial court to either attach portions of the files and records conclusively showing that appellant is entitled to no relief on those grounds, or to conduct further proceedings consistent with Rule 3.850.
AFFIRMED in part and REVERSED in part.
JOANOS and ZEHMER, JJ., concur.