WOLF, Judge.
Lundgren appeals from his convictions for burglary, kidnapping, and sexual battery upon children under the age of 12. Appellant asserts that the trial court abused its discretion by denying his motion to withdraw his plea. The motion to withdraw was based on (1) misstatements of law made to defendant by his lawyer prior to entry of the plea, and (2) an assertion that there was an insufficient factual basis presented for the plea. We find no merit in the second ground, but find that the trial court should have given appellant an opportunity to withdraw his plea based upon the mistaken representations made by his attorney.
On May 4, 1989, appellant was charged with five counts of sexual battery, two counts of kidnapping, and one count of burglary. After initially pleading not guilty, appellant pled no contest on October 24, 1989, to the charged offenses and to violation of probation, with the condition that the sentences for the five sexual batteries run concurrent to each other and the sentences for the other offenses run concurrent with each other and consecutive to the sexual battery sentences. Appellant stipulated that the state “can prove a prima facie case.” At the plea hearing, the proper questions were asked regarding the vol-untariness of the plea and appellant’s understanding of the possible consequences. Appellant acknowledged twice at the plea hearing that he understood the sentence for each of the sexual batteries was life with a minimum of 25 years’ incarceration without possibility for parole. There is no indication, however, that gain time was ever discussed. At the sentencing hearing on December 8, 1988, defense counsel moved to continue sentencing so that he could file a motion to withdraw the plea on the ground that the gain time information which he had received from the Department of Corrections and transmitted to his client (which had led appellant to enter the plea) was incorrect. The court granted the continuance, reset sentencing for December 28, 1989, and asked for a transcript of the plea hearing.
On December 27, 1989, appellant filed the written motion to withdraw his plea. The motion specifically alleged the following facts:
Prior to the Defendant’s entering his plea on October 24, 1989 he was advised by the undersigned attorney of the sentence that he would receive if the plea *207 agreement were accepted by the court. The undersigned attorney advised the defendant that, based on a telephone conversation that the undersigned attorney had with Trish Redd of the Department of Corrections, Bureau of Admissions and Releases, he would be eligible for incentive gain time on all charges, and that the gain time would eliminate as much as 45 percent of the expected sentence on all charges. The defendant reasonably relied upon this information given to him by the undersigned attorney, and therefore entered the plea. Had the Defendant known at the time that the information imparted to him by his attorney was not accurate, he would not have entered pleas of no contest to pending charges.
Several hours before the Defendant was to be sentenced pursuant to the above described plea agreement, the undersigned attorney called Ms. Redd to confirm the information that she had given him prior to the Defendant’s entering the plea. Ms. Redd informed the undersigned attorney that there had been a misunderstanding regarding the gain time that the Defendant would be eligible for under the plea agreement. Ms. Redd informed the undersigned attorney that the Defendant would not be eligible for any type of gain time on counts 1 through 5 of ease number 89-714, and that the Defendant would be required to serve at least 25 years imprisonment on these charges before becoming eligible for parole. She further advised the undersigned attorney that the Defendant would receive incentive gain time on the remaining charges only after being paroled on counts 1 through 6 of case number 89-714.
The undersigned attorney immediately advised the Defendant of the misunderstanding regarding the expected sentence. The Defendant advised the undersigned attorney of his desire to withdraw the plea and proceed to trial on all pending charges.
Affidavits of appellant and his counsel were submitted to support the allegations in the motion.
A hearing was held on the motion on January 5, 1990. The state presented no evidence and did not request to question appellant or his counsel. Defense counsel argued that under rule 3.170(f), the court was required to allow withdrawal of the plea at any time before sentencing “for good cause shown” and that “good cause” would include a plea that was based upon the defense attorney’s honest mistake or misunderstanding.
In Ray v. State, 480 So.2d 228, 229 (Fla. 2nd DCA 1985), the court said
We recognize that a defendant may not always be entitled to withdraw a plea of guilty because his sentence is not what his lawyer led him to expect. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). However, we perceive a difference between a ‘judgment call,’ whereby an attorney offers an honest but incorrect estimate of what sentence a judge may impose, and a clear misstatement of how the law affects a defendant’s sentence. A criminal defendant is entitled to reasonable reliance upon the representations of his counsel and, if he is misled by counsel as to the consequences of a plea, he should be permitted to withdraw that plea. Trenary v. State, 453 So.2d 1132 (Fla. 2d DCA 1984).
We find the instant case to be indistinguishable from Ray and see no reason to depart from the reasoning utilized in that case. The state urges us to remand for a further hearing on appellant’s motion to withdraw. In light of the fact that there has already been a hearing on the defendant’s motion to withdraw the plea, and that the state chose not to challenge the affidavits which were presented, we see no useful purpose in remanding the case for a further hearing.
We reverse and remand with directions to the trial court that appellant be allowed to withdraw his previously entered plea.
ZEHMER, J., concurs.
BARFIELD, J., dissents with written opinion.