BARFIELD, Judge,
dissenting.
I do not consider the trial judge’s refusal to allow the defendant to withdraw his plea as an abuse of discretion. The record indicates that there was no misunderstanding that the defendant would have to serve 25 years on his capital sentences before he would be eligible for parole. The only question has to do with misadvice from his lawyer that he could be accruing “incentive” gain time during the 25 years which would count toward an early release on the sentences to be served consecutive to his life sentences. The sentences for the three offenses that were to run concurrent with each other but consecutive to his life sentences were each 22 years. Considering that the life sentences did not provide for a parole date certain at any time in the future and that the accrual of the “incentive” gain time is speculative at best at the time of the plea I fail to see the analogy to Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985), cited by the majority. In the Ray case the comparison of optional sentences was mathematically determinable before accepting the plea agreement. I would affirm the judgment of the trial court.