GLICKSTEIN, Chief Judge,
dissenting.
I would reverse and remand with direction to allow the defendant to withdraw his plea. Staggers v. State, 564 So.2d 1181 (Fla. 4th DCA 1990), represents the law of this district as to defendants who have not informed the trial court of their claim of being misled or appealed their convictions or sentences, but then have sought relief under Florida Rule of Appellate Procedure 3.850. This court, in a split decision, affirmed the trial court’s denial of an eviden-tiary hearing on the defendant’s claim.
The majority now extends the Staggers majority rule to a defendant who allegedly entered a plea on a Friday morning based on misinformation given him by his lawyer as to the amount of time he would actually serve. On the same afternoon the defendant told his lawyer of the latter’s error. On the following Tuesday the defendant and his lawyer came before the trial court, which held a non-evidentiary hearing on the basis of the defendant’s handwritten note which said his lawyer was wrong. Much of what occurred at that hearing is disjointed and difficult for me to understand fully from the transcript.
On Wednesday, the defendant’s lawyer filed an affidavit with the trial court, saying:
4. On Friday, November 17, 1989, in the jury room of courtroom 440, I discussed with Mr. Joyner and his mother whether or not he should take the plea offered.
[[Image here]]
[5.]e. I advised Mr. Joyner that given his time served (approximately 6 months) and what I thought his gain-time would be on the three year mandatory minimum, I expected that he would serve not much more than an additional year in jail.
6. In the afternoon of Friday, November 20, 1989, Mr. Joyner called to inform me that, I was incorrect, he would not get the gain-time and advised and [sic] he wanted to withdraw his plea.
7. Simply stated, Mr. Joyner believes he will now have to serve three years in jail instead of serving an additional one year.
8. If Mr. Joyner is correct then I, unintentionally and unknowingly, gave Mr. Joyner incorrect information.
9. It was clear from our conversation that if Mr. Joyner been aware of the fact that he was going to have to do three years additional time in jail he would not have taken the plea.
[[Image here]]
17. On November 22, 1989, I contacted the Admissions and Release section of the Department of Corrections in Tallahassee who informed me that there is no gain-time given on mandatory minimum firearm charges. (He will serve the mandatory minimum day for day less credit for time served). Therefore, Mr. Joyner would serve approximately an additional 2V2 years versus the 1 year which I anticipated and represented to him.
In my view, this panel is not bound by the majority opinion in Staggers as the *729 cases are factually different, and the reasons given for that opinion should not apply here. I cannot ascribe a valid reason for the trial court’s decision in this case, given the misunderstanding about a defendant’s most important concern — how much time must be served. As someone has observed, time is not important unless you are serving it.