583 So.2d 399 (1991)
Frank A. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-220.
District Court of Appeal of Florida, First District.
July 29, 1991.
*400 Frank A. Wright, pro se.
No appearance for appellee.
KAHN, Judge.
Wright appeals the trial court's summary denial of a motion for post-conviction relief, filed pursuant to Fla.R.Crim.P. 3.850. Appellant, who entered a negotiated plea of guilty to a charge of sale or delivery of cocaine, contends that prior to entry of the plea, he "was not instructed properly by counsel as to the restriction of basic gain time and provisional release credits, which are extended to most nonhabitualized inmates." We affirm the trial court's denial of the petition and distinguish our recent decision in Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990).
The petitioner in Rackley affirmatively alleged that he had been given erroneous and misleading information concerning nonavailability of gain time, and specifically contended that court-appointed counsel informed petitioner that, even as an habitual offender, he would actually serve about four years of a ten year sentence. On these facts we held that Rackley's 3.850 petition could not be summarily dismissed, since the sparse record before the court in that case did not conclusively refute Rackley's allegations. In the present case, however, the petitioner does not allege that he was affirmatively misled by counsel. See, Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990); Netherly v. State, 508 So.2d 524 (Fla. 2d DCA 1987); Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985).
Since it may not be said in the present case that Wright, in deciding whether to enter a plea, relied upon affirmative erroneous advice regarding the effect of gain time and similar provisions, we conclude that the trial court correctly dismissed the 3.850 motion.
SHIVERS and ZEHMER, JJ., concur.