598 So.2d 120 (1992)
Paul LEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2852.
District Court of Appeal of Florida, First District.
April 10, 1992.
Rehearing Denied June 15, 1992.
Paul Levens, appellant, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Paul Levens appeals the summary denial of his motion for post-conviction relief, predicated on allegations of ineffective assistance of appointed counsel. We affirm, with the following brief explanation.
Pursuant to a plea bargain, Levens pled guilty to sale of cocaine and was sentenced to nine years incarceration as an habitual felony offender. Levens alleges his counsel was ineffective for failing to advise him that he would be ineligible to receive basic gain time if he were sentenced as an habitual felony offender. See § 775.084, Florida Statutes (1989). Levens further asserts he would not have entered into the plea bargain if he had been so advised, urging that under this court's decision in Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990), he should be permitted to withdraw his plea. The trial court denied relief, finding Levens' allegations without merit, in light of the provisions of the plea of guilty and negotiated sentence form, a copy of which was attached to the order.
In Rackley, as in this case, the inmate alleged that his trial counsel failed to inform him that his plea bargain for an habitual felony offender sentence precluded his eligibility for statutory gain time. The trial court in Rackley found the ineffective assistance of counsel claims were refuted by written statements to the contrary in the written negotiated plea. This court disagreed. However, the Rackley fact scenario was somewhat more complex than the factual allegations presented in this case. Rackley alleged that his original public defender told him he was "looking at" a four-year sentence whether he stood trial or pled, and the state had offered a four-year sentence if he agreed to plead guilty. Two weeks later, a second public defender allegedly re-affirmed that if Rackley were found guilty at trial, four years was the maximum sentence he could receive. Rackley then learned that he was facing a possible thirty-year habitual felony offender sentence, with a ten-year minimum mandatory. The second public defender allegedly told Rackley that the state agreed to a ten-year habitual offender sentence in return for a guilty plea, and although *121 he would be ineligible for administrative gain time, he was eligible for statutory and incentive gain time, so that his actual sentence would be about four years. After entry of his plea, Rackley learned he would not be eligible for statutory gain time, and that he would serve at least six years of the ten-year sentence. 571 So.2d at 534.
In addition to the various erroneous representations of Rackley's counsel, the record indicated that although the written sentence established that the conditions of his sentence were made clear to Rackley at sentencing, the negotiated plea of guilty was entered four days prior to the written sentence and the sentencing hearing. In view of these circumstances, this court reversed the denial of Rackley's motion for post-conviction relief with respect to his ineffective assistance of counsel claims. The court concluded the written negotiated plea statements did not refute Rackley's allegations that his trial counsel failed to inform him of his ineligibility for statutory gain time, or the allegations that the plea was involuntary due to the misrepresentations of counsel. 571 So.2d at 535.
Unlike the Rackley allegations of affirmative misrepresentations concerning eligibility for statutory gain time, appellant in this case alleges simply that his counsel did not inform him that by virtue of his plea agreement for an habitual felony offender sentence, he would not be entitled to receive basic gain time. In Wright v. State, 583 So.2d 399 (Fla. 1st DCA 1991), the court rejected similar claims, finding them insufficient to warrant relief, because they failed to set forth affirmative allegations of erroneous and misleading information, which formed the basis for the decision in Rackley. Since there is nothing in the record before us to suggest that Levens based his decision to accept the plea bargain upon affirmative misrepresentations concerning his eligibility for basic gain time, consistent with the standard set forth in Wright, we conclude he has failed to demonstrate entitlement to post-conviction relief.[1]
Accordingly, the order denying Levens' motion for post-conviction relief is affirmed.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] We are cognizant that our decisions here and in Wright v. State, 583 So.2d 399 (Fla. 1st DCA 1991), conflict in principle with that of the fifth district in Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991), on the same issue. Setzer was a direct appeal from a denial of a motion to withdraw a plea of guilty, while the instant case is an appeal from a denial of a motion for post-conviction relief. Nevertheless, the underlying claims are essentially the same in each instance, i.e., the respective appellants sought relief from a plea bargain involving habitual offender sentencing, alleging that defense counsel failed to inform that entry of the plea would result in the loss of basic gain time.

The Setzer reversal was based on defense counsel's obligation, under Florida Rule of Criminal Procedure 3.171(c)(2), to advise the defendant "of all pertinent matters bearing on the choice of which plea to enter, the particulars attendant upon each plea, and the likely result thereof." Setzer, 575 So.2d at 747, citing State v. Ginebra, 511 So.2d 960 (Fla. 1987). See also Caristi v. State, 578 So.2d 769, 773 (Fla. 1991); Corbitt v. State, 584 So.2d 231, 232 (Fla. 5th DCA 1991). Since the record in Setzer was silent regarding whether the appellant had ever been informed, either prior to, or at the time of pleading guilty, that his plea would result in the loss of basic gain time, the denial of the motion to withdraw plea was reversed and remanded for an evidentiary hearing on that issue. In Wright, this court concluded that a silent record on the question of counsel's responsibility to inform a defendant as to the consequences of a proposed plea was insufficient to warrant post-conviction relief.