611 So.2d 1250 (1992)
Curtis Jerome SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03172.
District Court of Appeal of Florida, Second District.
July 10, 1992.
*1251 Curtis Jerome Simmons, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.

MOTION FOR REHEARING
PER CURIAM.
Curtis Simmons appeals the summary denial of his motion for postconviction relief. This panel previously affirmed the trial court without opinion. However, in view of Simmons's motion for rehearing, we deem it appropriate to discuss in some detail Simmons's claim and the reasons why we believe it is insufficient to warrant relief.
The sole issue raised in the motion is whether Simmons, who entered a plea of nolo contendere to several felony offenses, received ineffective assistance from his trial attorney. Specifically, Simmons alleges that counsel failed to warn him that he would be ineligible for basic gain time because he was being sentenced as a habitual felony offender. See § 775.084(4)(e), Fla. Stat. (1991).
We have previously held that a defendant may be entitled to withdraw his plea if he establishes that he was misled about the possible effect of gain time. See, e.g., Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990); Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985). Tarpley involved a sex offender who asserted that she was promised both administrative gain time and work release. The attorney in Ray was alleged to have incorrectly assured the defendant he would receive incentive gain time although serving a minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (1983).
Simmons makes no such claim. However, his motion for rehearing, which cites Netherly v. State, 508 So.2d 524 (Fla. 2d DCA 1987), implies that this may not be necessary. Netherly involved an escapee whose conviction required the forfeiture of accrued gain time. See § 944.28(1), Fla. Stat. (1991). Although Netherly did assert he was "not informed ... of that consequence," *1252 there was also evidence Netherly's public defender had "misinformed him about the amount of gain-time his conviction would cause him to lose." Accordingly, there is no inconsistency between Netherly and our prior holdings in Tarpley and Ray. It now falls to us to decide whether relief is warranted when counsel merely fails to educate a client about the various ramifications of gain time, as opposed to volunteering demonstrably incorrect predictions about its effect on the overall length of sentence.
At first blush the decision of our sister court in Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991), which relied in part upon Netherly, appears to support Simmons's position. Setzer moved before sentencing to withdraw his negotiated plea, stating that counsel had failed to inform him that section 775.084(4)(e) precluded the award of basic gain time in his case. Unlike Netherly, there is no suggestion that Setzer received incorrect information about gain time, only that he received no information at all.
In addition to Netherly, Setzer cited the opinion of the First District Court of Appeal in Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990). Like Netherly, Rackley speaks of defense counsel's "fail[ure] to inform." 571 So.2d at 535. However, also like Netherly, it is evident from the recitation of facts that Rackley claimed he was misled by counsel. The First District has since made clear that this fact, and not the mere failure to discuss implications of gain time, was the dispositive consideration in its decision to reverse. Levens v. State, 598 So.2d 120 (Fla. 1st DCA 1992); Wright v. State, 583 So.2d 399 (Fla. 1st DCA 1991).[1]
In Levens the court distinguished Setzer as involving rule 3.170(f) rather than 3.850. In concluding that Setzer was entitled to an evidentiary hearing on his motion, a majority of that panel had found within rule 3.171(c)(2)(ii) the obligation of defense counsel "to advise the defendant of all pertinent matters bearing on the choice of which plea to enter, the particulars attendant upon each plea, and the likely result thereof."[2] Moreover, rule 3.170(f) obligates the trial court to permit withdrawal of a plea before sentencing "upon good cause shown." We believe Levens represents the better view, and we decline to extend the holding in Setzer to proceedings under rule 3.850, which imposes a greater burden on the defendant seeking relief.
A trial court, when accepting a plea, is obligated to insure that the accused is aware of both "the maximum possible penalty provided by law" and "the mandatory minimum penalty ... if any." Fla. R.Crim.P. 3.172(c)(i). The state is also required to notify a defendant in advance if it seeks an enhanced sentence under the habitual offender statute, and relief may be available where a defendant demonstrates he did not receive such notice. See, e.g., McCray v. State, 578 So.2d 875 (Fla. 2d DCA 1991).[3] It is one thing, however, to insist that a defendant be warned his sentence may be extended, and another to require an additional warning that a determinate sentence will not later be shortened.
Neither the trial court nor counsel is required to forewarn a defendant about every conceivable collateral consequence of a plea to criminal charges. Blackshear v. State, 455 So.2d 555 (Fla. 1st DCA 1984). The effect of a conviction on accumulation *1253 or loss of "good time" has been deemed a collateral consequence. Ladner v. Henderson, 438 F.2d 638 (5th Cir.1971).[4] Similarly, when most felony prisoners were eligible for release on parole, there was no requirement that a defendant be warned about parole eligibility, because parole was viewed as a matter of legislative and executive grace rather than a direct consequence of a plea. Trujillo v. United States, 377 F.2d 266 (5th Cir.1967), cert denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967). Early cases decided under Florida's current system of "truth in sentencing," in which there is no parole, found no duty to warn a defendant that opting for a guideline sentence foreclosed parole eligibility. Glover v. State, 474 So.2d 886 (Fla. 1st DCA 1985). To fashion a new rule requiring warnings about habitual offenders' ineligibility for certain types of gain time would be inconsistent with the tenor of these holdings.
This is not to suggest that gain time will be, or should be, ignored at the trial level. Anyone contemplating a plea to serious criminal charges naturally will be expected to inquire about the extent of possible punishment. Unless a specific plea offer is made, a defendant relies upon counsel to estimate the length of sentence. Although the advent of sentencing guidelines has infused this exercise with some measure of certainty, counsel's predictions can be no more than an "educated guess" since the guideline recommendation is not absolutely binding on the court.[5] With or without a specific plea agreement, it can be expected that the "flat-time" sentence ultimately imposed by the court will be further reduced to some extent by gain time.[6] Most defense attorneys, and perhaps a substantial percentage of their clients, presumably know this. However, as Tarpley and similar cases demonstrate, an attorney who promises a certain favorable result  particularly one who does so to convince the client that a "maximum" sentence is shorter than it appears  operates at the risk he or she later will be accused of ineffectiveness.
Accordingly, a trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy. At this juncture it is incumbent upon the defendant to reveal any additional expectations he may have; generally, he will be estopped from later arguing a position contrary to statements made in open court or in writing. See, e.g., Trenary v. State, 473 So.2d 820 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 598 (Fla. 1986). In the present case the record demonstrates that Simmons entered an "open plea," signing a plea form in which he specifically acknowledged "there is no agreement as to what sentence I will receive." In so doing Simmons indicated a willingness to accept anything up to and including the maximum possible sentence. He has shown no more than that his expectations regarding gain-time  expectations *1254 not attributed to anyone other than himself  proved to be unrealistic.
Rehearing denied.
LEHAN, C.J., CAMPBELL and THREADGILL, JJ., concur.
NOTES
[1] Wright refers to Tarpley and Ray as a correct statement of the law and interprets Netherly, as do we, as being consistent with those decisions.
[2] The rule does not specify how extensive such discussions are expected to be. The committee note to rule 3.171(c)(2)(i) states that counsel "should also discuss and explain to the defendant those matters which trial judge will inquire about before accepting a plea" (emphasis supplied). This suggests there is no unequivocal obligation to discuss gain time, at least if the defendant does not raise the subject.
[3] Although one purpose of the notice requirement is to permit defendant or his counsel to prepare submissions in his defense, it also serves notice to the defendant contemplating a plea that the maximum possible penalty may be more than could otherwise be expected.
[4] The court in Blackshear found no duty to warn about the discretionary forfeiture of gain time authorized by section 944.28. The present case differs from Blackshear in that no discretion is involved in the withholding of basic gain time for habitual offenders, making it in a sense more "definite, immediate, and ... automatic." Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982). On the other hand, the defendant in Blackshear lost gain time he had previously been awarded. In a sense, this might be viewed as an additional punishment stemming from the commission of a new offense. Simmons faces no comparable extra punishment, as his case involves only the withholding of future gain time.
[5] It has been suggested that serious guideline-related miscalculations, much like erroneous representations regarding gain time, can constitute ineffective assistance. See, e.g., Johnson v. State, 523 So.2d 755 (Fla. 2d DCA 1988).
[6] There are various forms of discretionary gain time established by § 944.275(4) which, unlike "basic" gain time, can be awarded even to habitual offenders. See § 775.084(4)(e), Fla. Stat. (1991).