PER CURIAM.
We affirm with respect to all grounds raised in this appeal from denial without hearing of a 3.850 motion, except two. The two grounds that require further inquiry are those alleging that appellant’s guilty plea was involuntary and unintelligent and that appellant’s trial counsel provided ineffective assistance. Both grounds are based on the allegation that counsel misled appellant regarding the gain time and control release consequences of his plea to attempted murder.
We remand for attachment of those parts of the record, if any, which conclusively show that the grounds are without merit, or for an evidentiary hearing. See Middleton v. State, 603 So.2d 46 (Fla. 1st DCA 1992) (Motion for post-conviction relief which affirmatively alleges that plea of guilty was induced in reliance on mistaken or misleading advice of counsel respecting gain time cannot be summarily dismissed, absent record evidence conclusively refuting such allegation); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA1991) (Defendant is entitled to evidentiary hearing on his post-conviction relief motion wherein he claimed his guilty plea was rendered involuntary by allegedly false advice of trial counsel regarding eligibility for gain time); Lundgren v. State, 581 So.2d 206 (Fla. 1st DCA1991) (Defendant was entitled to withdraw guilty plea where counsel made mistaken representations as to defendant’s entitlement to accrue gain time); Rackley v. State, 571 So.2d 533 (Fla. 1st DCA1990) (Denial of 3.850 motion reversed and remanded for either attachment of portions of file and records conclusively showing appellant was not entitled to relief, or for further proceedings, respecting grounds of involuntariness of plea and ineffective assistance of counsel, where counsel allegedly erroneously informed appellant he would be eligible for statutory gain time); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA1990) (Voluntary character of plea may be undercut by erroneous advice regarding gain time and similar provisions); Ramsey v. State, 408 So.2d 675 (Fla. 4th DCA1981), rev. denied, 415 So.2d 1361 (Fla.1982) (Defendant was entitled to evi-dentiary hearing on motion to vacate judgment and sentence where change of plea to no contest was predicated upon trial counsel’s erroneous advice that sentence to be imposed would not require defendant to spend three years in prison before being paroled or being eligible for good time consideration).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
WARNER and POLEN, JJ„ and OWEN, WILLIAM C., JR., Senior Judge, concur.