PER CURIAM.
Luetricia Freeman appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to two of her allegations.
Appellant pled guilty to sale of cocaine and was sentenced as a habitual offender. She alleges that her counsel misrepresented that she would be entitled to the same gain time as other prisoners. If true, appellant would be entitled to relief. See Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990). The trial court’s order of denial without attachments does not address this allegation. Consequently, we must remand for the court to consider this facially sufficient allegation.
Appellant also alleges that she does not have two prior felony convictions to qualify as a habitual offender. She believes the trial court must have relied on her sister Alberta’s prior record when it enhanced appellant’s sentence. If true, appellant’s sentence would be illegal. See Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1992) (habitual offender sentence is illegal if prior offense necessary to qualify defendant as habitual offender does not exist). Although the court’s order provides that the record refutes this allegation, the court failed to attach either copies of the prior convictions or a copy of the plea and sentencing transcript.
Accordingly, we reverse the denial of appellant’s motion with respect to the allegations set forth above and remand for further proceedings. Should the court again deny the motion, it should attach portions of the records and files conclusively refuting these allegations. If the records and files do not refute these allegations, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part and remanded for further proceedings.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.