626 So.2d 310 (1993)
Gregory HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-957.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Bennett H. Brummer, Public Defender, and Neil Rose, Sp. Asst. Public Defender, for appellant.
*311 Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, and Joni B. Braunstein, Asst. Attys. Gen., for appellee.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
The appellant, Gregory O'Neil Henderson (Henderson), appeals the summary denial of his Rule 3.850 motion for postconviction relief. We reverse.
Henderson was originally charged in three separate informations with two counts of capital sexual battery against three different victims. By a negotiated plea, the State agreed to nolle prosequi certain counts of each information and Henderson pled nolo contendre to the reduced crime of familial sexual battery. He was sentenced to a term of fifteen years in prison, followed by five years probation with the condition that he successfully complete the Mentally Disordered Sex Offender Program.
During the plea colloquy, the following discussion transpired:
THE COURT: All right. Are you pleading to the respective counts, that's two counts, Count I and Count II of the charging document, and Count II in which one of them has been read to you?
THE DEFENDANT: I would like to get an answer first from you, Your Honor. Sexual battery, as far as in prison which will be a capital offender, a capital offense, which I know that she's announced that's she's dropping them to the lower things, so even though it's still sexual, will I get administrative time on that?

THE COURT: Yes, you will. That's why your lawyers are in favor of this plea... .
(emphasis added).
In his rule 3.850 motion, Henderson alleged that the trial judge "coerced [him] into taking this plea" by affirmatively misadvising him that he was entitled to administrative time. Henderson further alleged that if he had known he was not entitled to administrative gain time, he would not have taken the plea. The trial court summarily denied the motion for postconviction relief.
"If a defendant, deciding whether to enter a plea, relies upon erroneous advice regarding the effect of gain time and similar provisions, the voluntary character of the plea may be undercut." Tarpley v. State, 566 So.2d 914, 915 (Fla. 2d DCA 1990). However, relief is not warranted where counsel merely fails to inform a client about the various ramifications of gain time as opposed to volunteering incorrect information. Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992); Wright v. State, 583 So.2d 399 (Fla. 1st DCA 1991).
We must reverse the summary denial of Henderson's 3.850 motion based on the alleged false advice given by the trial court concerning administrative gain time eligibility. Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991); see also State v. Sallato, 519 So.2d 605 (Fla. 1988) (whether defendant was given positive misadvice by his trial counsel regarding the effect a guilty plea would have on his chances of becoming a United States citizen required a remand for further proceedings).
Henderson is entitled to an "evidentiary hearing to ascertain whether he was, in fact, incorrectly advised about entitlement to gain time, and whether such erroneous advice influenced his decision to plead." Corbitt, 584 So.2d at 232. Given the original charges and potential life sentences he was facing, it is conceivable that Henderson would have accepted the plea regardless of his ineligibility for administrative gain time. However, if at the hearing Henderson establishes that he is entitled to withdraw his plea and go to trial, he will face the original full charges and their associated penalties. Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing.
Reversed and remanded.