PER CURIAM.
Luther Pratt ■ challenges the trial court’s ruling on his postconviction motion which laid blame on trial counsel and the court for failing to advise him of his ineligibility for basic gain-time [1] because of his status as a habitual offender. Specifically he asserts that counsel’s representation was ineffective for this lapse in advice, and that his plea was involuntarily entered as a result of the court’s failure to address the subject during the plea colloquy. We affirm.
This court has. drawn the distinction between counsel’s provision of misinformation to a client and counsel’s failure to advise altogether about the consequences of a proposed plea. In denying relief to one aggrieved because counsel failed to warn him that basic gain-time would not be available as a habitual offender, we stated, “[h]e has shown no more than that his expectations regarding gain-time — expectations not attributed to anyone other than himself — -proved to be unrealistic.” Simmons v. State, 611 So.2d 1250, 1253-54 (Fla. 2d DCA 1992). The trial court correctly denied Pratt’s claim that counsel was ineffective.
The trial court is invested with the responsibility of assuring that a plea which is being entered with expectations that a habitual offender sentence will follow is done so with appreciation of the reasonable consequences of that sentence. Ashley v. State, 614 So.2d 486 (Fla.1993). While the supreme court alluded to the desirability that defendants be made aware of the effect on gain-time when entering such a plea, Ashley, 614 So.2d at 490, n. 8, that consequence is but one of many which should be examined to determine the voluntariness of a plea under attack. We have reviewed Pratt’s plea colloquy, and note that with the one exception he brings to our attention, the failure to be advised of the prospect of diminished gain-time, the trial judge methodically assured herself that the more critical aspects of ha-bitualization, including mandatory mínimums and longer maximum penalties, were understood by Pratt. We adopt the analysis of this issue in Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994), and hold that the court’s oversight in advising a defendant about the consequences of habitualization on prospective gain-time does not render a plea, in and of itself, involuntary.
The other claims advanced by Pratt are without merit.
Affirmed.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.

. See § 775.08.4(4)(e), Fla.Stat. (1993).