STRINGER, Judge.
Paul E. Hemmy, Jr., appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Hemmy raises *154 seven claims for relief in his motion. We affirm without comment the postconviction court’s summary denial on six of the claims, but we reverse and remand for further proceedings on the remaining claim.
In claim six, Hemmy alleges that his plea was involuntary because he was coerced by the trial judge into agreeing to it. Hemmy claims that when he rejected the State’s plea offer, the trial judge stated that there was no defense for the crimes he had been charged with and that if he represented Hemmy, he would throw him “against a wall.” Hemmy also claims that the trial judge stated that if he did not accept the State’s offer, he would be making a “horrible mistake.” After considering the offer overnight, Hemmy claims that he decided to accept the State’s offer based on the trial judge’s bias against him and his fear that he would not receive a fair trial. Hemmy claims that his counsel subsequently requested that his plea include the right to appeal the denial of his motion to suppress. However, Hemmy claims that the trial judge erroneously involved himself in the plea negotiations and refused to accept the plea if the negotiations included Hemmy’s right to appeal the trial judge’s denial of his motion to suppress. He claims that he would have proceeded to trial if the trial judge was not biased against him.
The postconviction court attached to its order a partial transcript of the plea negotiations that reflects that the trial judge would not accept the plea if the terms of the agreement included Hemmy’s right to appeal the denial of his motion to suppress. The postconviction court concluded that a trial judge is not required to accept a plea as negotiated by the parties; therefore, the trial judge’s refusal to allow Hemmy to reserve his right to appeal the denial of his motion to suppress as part of his plea agreement was not improper.
Nevertheless, the postconviction court failed to attach to its order a copy of the written plea agreement, the change of plea transcript, or any documentation to conclusively refute Hemmy’s claim that his plea was involuntary because he was coerced by the trial judge into agreeing to it. See Montgomery v. State, 615 So.2d 226, 227 (Fla. 5th DCA 1993) (“an allegation that a plea was involuntary or was based on a misunderstanding or mistake can be refuted by a written plea agreement or plea transcript which conclusively establishes the defendant’s understanding and that the plea was not coerced”) (citing Knowles v. State, 582 So.2d 167 (Fla. 1st DCA 1991); Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990)).
Accordingly, we reverse and remand for further proceedings on this claim. On remand, the postconviction court may hold an evidentiary hearing or, if the postcon-viction court should again summarily deny Hemmy’s claim, it must attach those portions of the record that conclusively refute his claim.
Reversed and remanded for further proceedings.
WHATLEY and DAVIS, JJ., concur.