PER CURIAM.
Affirmed. See Fla. R. Crim. P. 3.850(b)(1) (providing motions under this rule must be filed within two years after the judgment and sentence become final unless "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence"); Jules v. State, 233 So. 3d 1196, 1200 (Fla. 3d DCA 2017) (holding that a motion for postconviction relief was time-barred where defendant "failed to establish that in the exercise of due diligence he could not have ascertained the possible immigration consequences of his plea" within the requisite two-year period); see also Long v. State, 183 So. 3d 342, 346 (Fla. 2016) (holding that, to be entitled to postconviction relief based on newly-discovered evidence relating to a guilty plea, a defendant must establish: "First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial"); State v. Rodriguez, 990 So. 2d 600, 607 (Fla. 3d DCA 2008) (holding that "[n]either the trial court nor counsel is required to forewarn a defendant about every conceivable collateral consequence of a plea to criminal charges") (quoting Simmons v. State, 611 So. 2d 1250, 1252 (Fla. 2d DCA 1992) ).