391 So.2d 287 (1980)
William H. STEHLING, Appellant,
v.
STATE of Florida, Appellee.
No. WW-95.
District Court of Appeal of Florida, First District.
December 4, 1980.
Rehearing Denied January 12, 1981.
Michael J. Minerva, Public Defender, and Louis G. Carres and Theodore E. Mack, Asst. Public Defenders, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky and Gregory Smith, Asst. Attys. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Stehling appeals from a judgment convicting him of trafficking in more than 400 grams of cocaine in violation of Section 893.135(1)(b), Florida Statutes (1979). The judgment was entered on Stehling's nolo contendere plea reserving his right to appeal the trial court's denial of a motion to dismiss the information on the ground that Section 893.135 unconstitutionally burdens the accused's privilege against self-incrimination, secured by the Fifth Amendment to the United States Constitution. Subsection (3) of the statute authorizes, on the state attorney's motion, a reduction or suspension of the minimum mandatory sentence otherwise to be imposed-15 years for trafficking in 400 grams or more of cocaine-if the convicted defendant
... provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals... .
Stehling was not subjected to the 15 years minimum mandatory sentence which he says coerces relinquishment of the Fifth Amendment privilege against self-incrimination, because after being tried, found *288 guilty, and adjudicated guilty, Stehling provided the State the prescribed "substantial assistance" and was sentenced to five years probation on condition that he serve six months imprisonment. On this account the State urges Stehling has no standing to attack the statute, because he has not been subjected to a minimum mandatory sentence, he has not been punished for remaining silent, and he has profited by the statute which now he contends is unconstitutional. See, e.g., State v. Hagan, 387 So.2d 943 (Fla. 1980). But because Stehling challenges the entire statute under which he stands convicted, reasoning that subsection (3) is an integral and inseparable part whose invalidity condemns the whole, we recognize Stehling's standing to attack the statute, the predicate for his conviction, on the narrow ground that it is facially unconstitutional for coercing self-incrimination.
We also acknowledge, though Stehling's "substantial assistance" to the authorities is not evidenced or described here, that in eliciting a defendant's statements concerning his "accomplices, accessories, co-conspirators, or principals," the statute does tend to induce self-incrimination, at least of the offense for which the defendant is to be sentenced. That the statute offers its inducement to the defendant at a time when he has already been adjudged guilty, either on a plea of guilty or on a verdict, does not dissolve his constitutional privilege against self-accusal concerning that crime. The privilege continues until sentence has been pronounced and an appeal has been foregone or completed. See King v. State, 353 So.2d 180 (Fla.3d DCA 1977); Annot., "Plea of Guilty or Conviction as Resulting in Loss of Privilege Against Self-Incrimination as to Crime in Question," 9 A.L.R.3d 990 (1966); cases collected in Commonwealth v. Rodgers, 372 A.2d 771, 780 (Pa. 1977).
Although we affirm both that Stehling has standing to attack the statute and that the Fifth Amendment privilege against self-incrimination endures in the post-conviction, presentence context, we find no merit in Stehling's constitutional position. The case of Stehling himself, who pleaded not guilty and was tried by a jury, illustrates that Section 893.135 extracts no penalty for a defendant's refusal to plead guilty; the prescribed minimum mandatory penalties apply irrespective of whether guilt is determined by plea or by verdict, and the statutory incentive of a diminished sentence is offered in either case. Nor is the relinquishment of an appeal on the merits a condition of securing the benefits offered the defendant by subsection (3). In self-incrimination terms, therefore, the price paid by one convicted under and seeking the sentencing benefits of Section 893.135 is hardly as great as the price paid by one charged under some other criminal statute who is induced by his counsel's bargaining with the prosecutor to plead guilty and incriminate himself and others in order to secure a reduced charge or favorable sentence. Yet an inducement of that sort, given as an alternative to more unpleasant consequences which would naturally flow from judicial events, is not regarded as an undue burden on the privilege against self-incrimination. See Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); Roberts v. United States, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Those decisions teach that when the defendant retains a real choice between fully exercising all his constitutional rights and privileges and relinquishing some of them to avoid unpleasant consequences that may naturally occur if the system proceeds unchecked, the defendant's rights and privileges are not unduly burdened by the difficulty of the choice. Section 893.135 does not unconstitutionally compromise the accused's privilege against self-incrimination.
AFFIRMED.
THOMPSON, J., and WOODIE A. LILES (Retired), Associate Judge, concur.