402 So.2d 1330 (1981)
Carl Ray STONE, Appellant,
v.
STATE of Florida, Appellee.
No. YY-406.
District Court of Appeal of Florida, First District.
August 28, 1981.
*1331 Michael Allen, Public Defender and Theodore E. Mack, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was convicted of trafficking in cocaine and sentenced to three years in prison. He appeals the judgment and sentence contending that the trial court erred in denying his motion to dismiss based upon his assertion that § 893.135, Florida Statutes, is unconstitutional and also erred in denying his motion to suppress evidence found in his home upon execution of a search warrant. We affirm.
As to appellant's argument that his motion to dismiss should have been granted because § 893.135(3) is unconstitutional, we find no error in the trial court's denial of the motion. That statute provides as follows:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.
In Stehling v. State, 391 So.2d 287 (Fla. 1st DCA 1981), this Court found that the foregoing statute does not unconstitutionally burden an accused's privilege against self-incrimination, secured by the Fifth Amendment to the United States Constitution. In State v. Benitez, 395 So.2d 514 (Fla. 1981), the Supreme Court ruled that the foregoing statute was not unconstitutional on the theory that it denied equal protection of law to defendants who could not provide substantial assistance to law enforcement officials; that it is not unconstitutional on the theory that it coerces a defendant into relinquishing his Fifth Amendment privilege against self-incrimination by denying him sentencing leniency unless he cooperates with authorities; that the statute does not violate constitutional separation of powers; and the phrase "substantial assistance" in the statute was not unconstitutionally vague or violative of due process. In State v. Werner and Carlson, 402 So.2d 386 (Fla. 1981), the Supreme Court ruled that the term "may" in the foregoing statute is not unconstitutionally vague in vesting the prosecutor with unbridled discretion when engaging in so-called "post-conviction information bargaining."
The appellant in the case sub judice presents a somewhat different twist in his argument of unconstitutionality. He points out that a co-defendant[1] who was charged in the same information with trafficking in drugs was allowed to plead to a lesser offense of possession for which he received an 18-month sentence with no mandatory minimum; that he (appellant) tried to cooperate with the state through his attorney, but his offer of assistance was turned down, and he received the mandatory three years imprisonment and the $50,000 fine dictated by statute. Appellant contends that the facts of this case show that the statute violates *1332 the constitutional separation of powers in that the ultimate sentencing decision rests with the prosecution and not with the trial judge; that in Benitez, the court concluded that the ultimate decision on sentencing resides with the trial judge because he exercises his discretion under the statute to grant or deny the motion for reduction or suspension of the sentence of a defendant who has cooperated with the state attorney; that under the facts of the case sub judice, the court had no discretion but to impose upon him the mandatory minimum sentence because the state attorney did not accept his cooperation, and, therefore, the ultimate sentencing decision in this case rested with the prosecution and not with the trial judge. We cannot agree with appellant's argument. The legislature determines the range of sentence for a particular crime, and the judge has the discretion to impose a sentence within that range. The court has the final discretion to impose sentence in each particular case. For a defendant who has cooperated with the state, the state attorney under the foregoing statute may move for reduction or suspension of sentence. The court is given the authority to grant or deny the motion. It has the final discretion. The statute does not grant to a defendant a right to cooperate or, having cooperated, a right to mitigation. As the Supreme Court said in State v. Werner and Carlson, supra:
State attorneys are "the prosecuting officer[s] of all trial courts" under our constitution, and as such must have broad discretion in performing their duties. Discretion to initiate the post-conviction information bargaining process is inherent in the prosecutorial function. Absent a clear constitutional violation in a particular factual context, we refuse to intrude on the prosecutorial function by holding subsection (3) unconstitutional on its face.
Appellant has no more cause to complain than he would have had if the state attorney had elected to prosecute him and not prosecute his co-defendant or had he elected initially to prosecute his co-defendant for a lesser offense. These are matters which properly rest within the discretion of the state attorney in performing the duties of his office. By the statute, the legislature has merely enlarged the range of sentence which the judge may give a defendant who has cooperated with the state to the extent that the state attorney moves for reduction or suspension of sentence. We find no constitutional infirmity in the statute.
As to the trial court's denial of his motion to suppress, appellant contends that because probable cause for the search was based entirely upon evidence allegedly illegally seized from his garbage in violation of the Fourth Amendment of the United States Constitution and Article I, Section 12, of the Florida Constitution, the trial court erred in denying his motion. Appellant maintains that he had a reasonable expectation of privacy when he placed items in a sealed opaque trash container on his own property. Under the circumstances of this case, we disagree.
The record shows that the Gainesville Police Department received an anonymous telephone tip that appellant was trafficking in cocaine. On February 5, 1980, Investigator Roger Crase accompanied the garbage collectors on their regular run to appellant's house. The front of the house was approximately 50 to 75 feet from the street and upon Crase's arrival with the garbage collectors, appellant's garbage, which was contained in opaque garbage bags with twist ties, was sitting just inside of appellant's property three to four feet from the street curb and five to six feet from the driveway. Crase himself removed the garbage bags from this location and took them to the police station for inspection. Residue from controlled substances was found therein. Crase in the same manner, on February 29, 1980, removed appellant's garbage bags and more residue from controlled substances was found. The findings formed the basis for the search warrant which led to appellant's arrest.
In State v. Schultz, 388 So.2d 1326 (Fla. 4th DCA 1980), the court upheld a trash seizure where the container was placed in the swale area in front of Schultz' house. There the court held that one who places his *1333 trash in the swale area in front of his home for collection in accordance with applicable city ordinances governing trash collection does not maintain a reasonable expectation of privacy in the trash; that such action constitutes an abandonment of the personal property contained in the trash. The court said:
Abandonment of personal property is the intention to part with the property forever. While an individual may demonstrate an intention to forever part with his trash by placing it in a container at the rear of his home or in a garage or carport, he may still harbor a reasonable expectation of privacy in it in the sense that it is retrievable. We are of the view, however, that once the trash is deposited on the swale for collection it is unreasonable to expect that its security will remain inviolate until it is commingled with all other trash. As the Court stated in United States v. Mustone, supra, "Implicit in the concept of abandonment is a renunciation of any `reasonable' expectation of privacy in the property abandoned. The contrary suggestion strikes us as anomalous." 469 F.2d at 972.
Appellant distinguishes Schultz by arguing that the swale area referred to in Schultz reflects the drainage area on the street right of way and not private property. While the Schultz majority opinion does not mention whether or not this swale area is in the street right of way or on Schultz' property, the dissenting opinion of Judge Anstead states that it was on the owner's property  just as was the trash in the case sub judice. We agree with the reasoning and decision in Schultz, and it is our view that it makes no difference whether the trash is placed for collection on the street right of way or just inside the property line from the right of way. In either case, the trash has been abandoned, and there is no reasonable expectation of privacy therein.
In United States v. Vahalik, 606 F.2d 99 (5th Cir.1979), the United States Court of Appeals, Fifth Circuit, after pointing out that the rule in California state courts is contrary to its ruling, said:
We prefer the view adopted by every United States Court of Appeals to consider the issue, that the act of placing garbage for collection is an act of abandonment which terminates any fourth amendment protection because, "absent proof that a person has made some special arrangement for the disposition of his garbage inviolate, he has no reasonable expectation of privacy with respect to it once he has placed it for collection." United States v. Crowell, 586 F.2d 1020, 1025 (4 Cir.1978), cert. denied, 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979).
We also prefer that view.
AFFIRMED.
SHIVERS, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.
NOTES
[1] The co-defendant's appeal was disposed of in St. John v. State, 779 So.2d 400 (Fla. 1st DCA 1981).