PER CURIAM.
Clifton Kidney appeals the summary denial of his motion for postconviction relief. We affirm.
In 1987 Kidney entered a plea of no contest to trafficking in cocaine (over 400 grams), conspiracy to traffic in cocaine, and possession of marijuana. He received concurrent sentences of fifteen years, fifteen years, and time served, plus the statutorily mandated fine. The motion includes several arguments; only the claim of ineffective assistance of counsel merits extended discussion.
Drug trafficking convictions, including conspiracy to traffic, ordinarily require imposition of a minimum mandatory sentence — in Kidney’s case, the fifteen years that he actually received. §§ 893.-135(l)(b)3; 893.135(5), Fla.Stat. (1987). However, Kidney appears to have offered to provide “substantial assistance” to the state in the hope of reducing or eliminating this mandatory sentence. See § 893.135(4), *1293 Fla.Stat. (1987). He alleges in the motion that “[approximately two weeks prior to his sentencing, defendant was informed by the state that he had not provided the amount of substantial assistance required by them to reduce his 15-year mandatory minimum term of imprisonment.” He then told his attorney that he wanted to withdraw the plea. Counsel recommended Kidney leave matters as they were, because gain time would have the effect of reducing the sentence to no more than three years. When Kidney entered prison he discovered that convicted drug traffickers are foreclosed from receiving provisional gain time credits — the specific type promised by counsel. See § 944.277(l)(a), Fla. Stat. (1987).
It is true that bad advice about gain time can in some circumstances entitle a defendant to postconviction relief. Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985). However, in Ray the movant stated that he had relied upon counsel’s erroneous representations when making his decision whether to enter a plea. Kidney, on the other hand, does not claim that gain time played any part in his initial decision to plead. That decision is not alleged to have involved any specific agreement or understanding other than Kidney’s hope that he could provide sufficient assistance to motivate the state to recommend some measure of mitigation. Gain time became an issue only when Kidney began to entertain second thoughts about the plea. In essence he claims that but for the incorrect advice he would have moved to withdraw that plea.
It is essential, when alleging ineffective assistance of counsel, to demonstrate that but for the acts or omissions of the attorney the outcome of the case would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is on this point that Kidney’s motion is fatally defective. No matter how poorly informed about gain time Kidney might have been, he does not demonstrate- that dashed hopes about the value of his “assistance” would have entitled him to withdraw the plea. See, e.g., Stone v. State, 402 So.2d 1330 (Fla. 1st DCA 1981). At most, Kidney has alleged that counsel deterred him from pursuing a futile gesture.
Affirmed.
SCHOONOVER, A.C.J., and FRANK and THREADGILL, JJ., concur.