575 So.2d 747 (1991)
Jerry Lee SETZER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-494.
District Court of Appeal of Florida, Fifth District.
February 28, 1991.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant, Jerry Lee Setzer, timely appeals his sentence arguing that the trial court erred in denying appellant's motion to withdraw his guilty plea. We conclude that the trial court erred in denying Setzer's motion to withdraw his guilty plea without holding an evidentiary hearing and, therefore, reverse.
Appellant was charged with committing the offenses of false imprisonment, § 787.02, Fla. Stat. (1989), and possession of a firearm in the commission of a felony, § 790.07, Fla. Stat. (1989). The state filed notice of its intention to request the trial court to adjudicate appellant as an habitual offender, § 775.084, Fla. Stat. (Supp. 1988). Appellant entered into a negotiated plea agreement with the state in which he agreed to enter a plea of guilty to the charge of false imprisonment and in return the state agreed to nolle prosequi the firearm charge. Appellant also agreed to be adjudicated an habitual offender in exchange for a sentencing cap of eight years imprisonment. Upon entry of the plea the trial court adjudicated appellant guilty and deferred sentencing. Approximately one month later appellant filed a motion to vacate his plea alleging that at the time his plea was entered, he was unaware that he would be losing basic gain time when sentenced as an habitual offender.[1] The trial court scheduled a hearing on the motion. At the hearing, without receiving any evidence, the trial court denied the motion. The trial court subsequently sentenced appellant in accordance with the terms of the negotiated plea agreement to a term of eight years imprisonment. The court also adjudicated him an habitual offender.
A plea of guilty should be entirely voluntary and entered with knowledge and understanding of the consequences of such a plea. In this regard, Rule 3.171(c)(2) of the Florida Rules of Criminal Procedure requires defense counsel to advise the defendant of all pertinent matters bearing on the choice of which plea to enter, the particulars attendant upon each plea, and the likely result thereof. Thus, defense counsel has the obligation to ensure that a defendant understands the direct consequences of his plea. State v. Ginebra, 511 So.2d 960 (Fla. 1987).
Rule 3.170(f) of the Florida Rules of Criminal Procedure provides that the trial *748 court shall, upon good cause shown by the defendant at any time before sentencing, permit a plea of guilty to be withdrawn. Good cause has been found where a defendant proves that the plea was entered without a proper understanding of its nature and consequences or was based upon a failure of communication or misunderstanding of the facts. Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988); Richardson v. State, 432 So.2d 750 (Fla. 2nd DCA 1983); Stapleton v. State, 239 So.2d 140 (Fla. 1st DCA 1970).
Here, in his motion to withdraw his guilty plea, appellant alleges as good cause the fact that he did not understand that by agreeing to be adjudicated as an habitual offender he forfeited his right to receive any basic gain time. At the motion hearing appellant was not permitted to introduce any evidence or to present any argument in support of this claim. Instead, the trial court simply denied the motion. In making this determination the trial court apparently concluded that, even assuming that appellant's claim is true, such a claim fails to constitute a valid basis for withdrawal. This conclusion is erroneous. Entry of a guilty plea without being informed or having knowledge of the fact that the plea will result in the loss of basic gain time is improper and can form the basis for withdrawal of the plea. Netherly v. State, 508 So.2d 524 (Fla. 2d DCA 1987). See also Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990). The record is silent on whether appellant prior to, or at the time of, pleading guilty was ever informed of the fact that his plea would result in the loss of basic gain time.
The trial court's denial of appellant's motion to withdraw his guilty plea is reversed and this matter remanded with directions that the trial court hold an evidentiary hearing on this motion.
REVERSED AND REMANDED.
PETERSON, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Section 775.084(4)(e) of the Florida Statutes (Supp. 1988) specifically provides that once a defendant is adjudicated an habitual offender the defendant loses the right to receive basic gain time.