584 So.2d 231 (1991)
James A. CORBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1074.
District Court of Appeal of Florida, Fifth District.
August 22, 1991.
James A. Corbitt, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Defendant timely appeals the summary denial of his Rule 3.850 motion for postconviction relief.
Defendant was initially charged with possession of a firearm by a convicted felon, a second degree felony, and carrying a concealed firearm, a third degree felony. Defendant signed a "Waiver of Rights and Agreement to Enter Plea" form which listed the counts with which he was charged and identified the maximum "enhanced" sentence as forty years. The document further reflects that defendant agreed to plead guilty to Count I and be adjudicated a habitual offender. In exchange, the state agreed to nol pros Count II.
Defendant entered his plea in open court. A copy of the transcript is attached to the trial court's order. Defense counsel explained the plea agreement to the court. Thereafter the trial court conducted its examination of the voluntariness of the plea, listened to the defendant's explanation of his actions, set forth the basis for imposing habitual offender treatment and imposed a fifteen year sentence.
In defendant's motion for post-conviction relief alleging ineffective assistance of trial counsel and/or involuntariness of his plea, he sought to have the judgment and sentence set aside and to withdraw his guilty plea. Defendant argued that, prior to entering his plea, defense counsel incorrectly advised him of the maximum term he was facing and that he would be eligible for all gain time. The record refutes the first *232 contention; however, we must reverse the summary denial of defendant's 3.850 motion based on the alleged false advice given by defendant's counsel concerning gain time eligibility. Defendant is entitled to an evidentiary hearing to ascertain whether he was, in fact, incorrectly advised about entitlement to gain time, and whether such erroneous advice influenced his decision to plead. If so, the defendant is entitled to the relief he seeks. See Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991).
Such appeals of orders denying Rule 3.850 motions seeking to invalidate earlier habitual offender pleas are increasingly common. The grounds alleged run the gamut from affirmative misinformation by defense counsel about gain time, as in this case, to mere misunderstanding, as in Setzer. Perhaps the best place to include this notification about the loss of gain time would be the plea agreement itself. Whether or not it is the duty of the trial judge to assure that defense counsel has performed its duty under rule 3.171(c)(2)(ii) to explain the loss of gain time for habitual offenders, as a last line of defense, verification by the trial judge that the defendant is aware of the gain time limitation would prevent such unnecessary Rule 3.850 proceedings.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.