PER CURIAM.
Donald Bell appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Of the three issues raised in Bell’s motion, only one requires further consideration. Bell is serving a forty-year sentence for second degree murder with a firearm. The sentence is the result of a plea agreement. Bell now asserts that counsel erroneously promised him he would be eligible for both parole and provisional gain-time credits and that he relied on this promise when entering the plea. If this is true, Bell might be entitled to withdraw the plea. Tarpley v. State, 566 So.2d 914 (Fla.2d DCA 1990). But see Simmons v. State, 17 F.L.W. D1681, 1992 WL 158119 (Fla. 2d DCA July 10, 1992).
The record presently before us is not sufficient to refute Bell’s claim that his plea was involuntary by virtue of counsel’s unfulfillable promises. Accordingly, we must reverse for additional proceedings regarding this one issue. After remand, the trial court should re-examine the files and records and determine whether anything therein conclusively refutes this portion of the motion. If so, the court may again deny relief, attaching to its order the exhibits upon which it has relied. Otherwise an evidentiary hearing may be necessary. Anyone aggrieved by the subsequent actions of the trial court must file a timely notice of appeal to obtain further appellate review.
*694 The remainder of the motion is without merit and was properly denied.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and HALL and BLUE, JJ., concur.