604 So.2d 925 (1992)
Ethan Noel YOUNG, a/k/a Nokie Young, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03011.
District Court of Appeal of Florida, Second District.
September 11, 1992.
PER CURIAM.
Ethan Young appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Young's motion raises eight separate issues. Of these, six are either facially insufficient or refuted by the attachments included with the circuit court's order. As to those six issues, we affirm the order of the trial court without further comment.
We remand for additional proceedings with regard to the two remaining issues. Both claims  involuntary plea and ineffective assistance of counsel  center around the same factual allegations. Young received an extended sentence after the trial court declared him to be a habitual violent felony offender. § 775.084(1)(b), Fla. Stat. (1991). He had previously entered a "straight up" plea in which he acknowledged the possibility of an enhanced sentence. However, Young asserts that when he asked his attorney "how much time he should do," counsel predicted a sentence of no more than five years, with Young "out in about a year or so." When asked about the significance of the habitual offender statute, counsel allegedly said it meant only that Young would be "documented on record ... as a career criminal," and not that he would serve additional prison time. Finally, Young claims that counsel assured he would be eligible for gain time.
If these claims are true, Young might be entitled to withdraw his plea. Simmons v. State, 17 F.L.W. D1681 ___ So.2d ___ (Fla. 2d DCA July 10, 1992); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990). In so holding, we note that the record shows counsel strongly argued against imposition of the habitual offender sentence, and that Young also alleges counsel *926 "was certain he would not be sentenced as [a] habitual offender." We stress that relief is not always available simply because counsel is surprised by the severity of a sentence. However, as we read Young's motion, he has alleged that counsel made assurances that he knew or should have known were inaccurate, thereby undermining the voluntariness of Young's plea.
After remand the trial court should reexamine the files and records in this case to determine whether anything therein conclusively refutes this portion of Young's motion. If so the trial court may again deny the motion, attaching those exhibits to its order. If not, an evidentiary hearing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to receive further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., SCHOONOVER and HALL, JJ., concur.