PER CURIAM.
Perez appeals the summary denial of his rule 3.850 motion. Perez raises four claims in his motion, only one of which warrants reversal.
Perez was charged with sexual battery of a ten-year-old boy, a capital felony, with a statutory life sentence without eligibility for parole for twenty-five years. §§ 794.-011 and 775.082, Fla.Stat. (1989). He pled guilty to attempted sexual battery in exchange for a thirty-year sentence. There was no direct appeal.
Perez now claims that prior to entry of his plea, his counsel represented to him that if he accepted the state’s thirty-year offer, he would be eligible for parole. He further asserts that but for counsel’s representation regarding parole, he would not have pled guilty. If Perez’ claim is true, he was misled because he was sentenced under the guidelines and is therefore ineligible for parole. See § 921.001(10), Fla.Stat. (1989); Weidmann v. State, 523 So.2d 737 (Fla. 2d DCA 1988). Because the plea colloquy attached to the trial court’s order of denial does not adequately refute this claim, we reverse on this point and remand. On remand the trial court may again deny the relief requested and attach to its order of denial that portion of the record which refutes Perez’ claim or conduct an eviden-tiary hearing.
Reversed, in part, and remanded for proceedings. The order of denial is otherwise affirmed.
LEHAN, C.J., and DANAHY and ALTENBERND, JJ., concur.