GOSHORN, Chief Judge.
Timothy Meier appeals from the order summarily denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Meier alleges that he should be allowed to withdraw his negotiated plea because it was involuntary or alternatively because he was denied effective assistance of counsel. Both contentions are grounded on Meier’s assertion that his trial counsel failed to affirmatively advise him that his plea to a term of imprisonment, which included a 3 year minimum mandatory sentence, would result in the loss of basic prison gain time.
Meier does not allege that he was incorrectly advised by his trial counsel that he would be eligible for all gain time, see Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991), nor does Meier allege that his plea was entered into with the expectation that his agreed sentence would be reduced by gain time. Here, the record is absolutely clear that not only was Meier sentenced in accordance with his agreed upon plea bargain, he affirmatively represented to the court in writing and under oath that he had not been promised any benefit or reward other than the sentence he received.
We are mindful of our decision in Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991), however, we agree with the observation of the Second District Court of Appeal in Simmons v. State, 17 F.L.W. 1681, 1992 WL 158119 (Fla. 2d DCA July 10, 1992) that:
[i]t is one thing, however, to insist that a defendant be warned his sentence may be extended [such as when a defendant may receive an enhanced sentence pursuant to Florida’s habitual offender statute], and another to require an additional warning that a determinate sentence will not later be shortened.
In this case, the words “minimum mandatory” are clear and precise, evincing no expectation of a shortened sentence, and Meier does not allege such an expectation.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.