615 So.2d 226 (1993)
Charles MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-162.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
*227 Charles Howell, Montgomery, pro se.
No appearance for appellee.
HARRIS, Judge.
Charles Montgomery appeals an order denying a Rule 3.850 motion without a hearing. He pled guilty to unlawful sale of a controlled substance within 1,000 feet of a school, possession of cocaine and trafficking in cocaine and was sentenced to 9 years as to the first charge, 5 years as to the second charge and 9 years as to the third charge with a 3-year minimum mandatory term. All sentences were to be served concurrently. No appeal was taken.
Montgomery alleged in his Rule 3.850 motion that his plea was not voluntary.[1] The trial judge denied his motion, incorporating portions of the State's response filed below, which incorporated transcripts of the plea and sentences. A timely appeal of the trial court's order was filed.
An involuntary plea is a recognized ground for post-conviction relief. However, in Mikenas v. State, 460 So.2d 359 (Fla. 1984), the Florida Supreme Court held that a defendant has the burden of showing that his plea was not knowing or voluntary. See also, Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990). Furthermore, an allegation that a plea was involuntary or was based on a misunderstanding or mistake can be refuted by a written plea agreement or plea transcript which conclusively establishes the defendant's understanding and that the plea was not coerced. See Knowles v. State, 582 So.2d 167 (Fla. 1st DCA 1991); Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990).
Montgomery made allegations that support his position that his plea was involuntary and unknowing. He claimed that his counsel promised him that he would serve only two or three years if he entered the pleas and that counsel also promised him that he would be eligible for early release or control release. Montgomery alleged that he entered the pleas only because of these promises. He also stated that he would not have entered the pleas if he had known about the mandatory portion of the sentence and that he would be required to serve more than two or three years.
*228 When no evidentiary hearing is held, the allegations of a defendant's motion for post-conviction relief must be accepted as true, except to the extent that they are conclusively rebutted by the record. See Harich v. State, 484 So.2d 1239 (Fla. 1986); Debose v. State, 580 So.2d 638 (Fla. 5th DCA 1991). In this case, the trial judge did not inquire into Montgomery's understanding of the plea, and instead relied on the fact that the defendant stated on the record that he had read and understood the terms of the written plea agreements. Those agreements are not attached to the trial court's order or the State's response below. Therefore, it is impossible to tell whether the plea agreements Montgomery signed included a provision that no promises had been made to him other than the terms related at the hearing. Accordingly, since he was not asked and did not affirm at the hearing that no one had made him any promises, and the written plea agreements are not in the record, there is nothing to refute Montgomery's claim that counsel promised him he would be released in two to three years and that he was eligible for control release.
Misadvice of counsel as to the length of sentence or eligibility for gain time or early release is a basis for post-conviction relief if not refuted by the record. See, e.g., Perez v. State, 605 So.2d 163 (Fla. 2d DCA 1992) (plea colloquy does not refute claim counsel misrepresented defendant's eligibility for parole); Young v. State, 604 So.2d 925 (Fla. 2d DCA 1992) (claim counsel misadvised defendant as to sentence and consequences of habitual offender status on gain time sufficient to require attachment of records refuting claim or hearing); Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992) (claim counsel misinformed defendant regarding eligibility for provisional gain time credits and early release sufficient to cast doubt on voluntary nature of plea); Bell v. State, 602 So.2d 693 (Fla. 2d DCA 1992) (record did not refute claim that counsel erroneously promised defendant he would be eligible for certain gain time); Middleton v. State, 603 So.2d 46 (Fla. 1st DCA 1992) (written plea did not refute claim that counsel misadvised defendant as to eligibility for incentive gain time which was only reason defendant entered plea); Small v. State, 600 So.2d 518 (Fla. 5th DCA 1992) (claim in direct appeal that public defender misrepresented sentencing guidelines range which induced defendant to plea sufficient to entitle defendant to withdraw plea); Cherry v. State, 590 So.2d 494 (Fla. 1st DCA 1991) (error to deny claim that plea was coerced without understanding of habitual offender consequences based on plea agreement and transcript not attached); Colon v. State, 586 So.2d 1305 (Fla. 2d DCA 1991) (claim that plea was entered due to counsel's advice that defendant would only serve two years sufficient to require further proceedings); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991) (claim that decision to plead to habitual offender sentence was based on erroneous advice of counsel as to gain time eligibility not refuted by plea transcript so evidentiary hearing required).
In this case, Montgomery specifically alleged that he relied on counsel's advice regarding his eligibility for early release and counsel's representation as to the length of time he would serve and stated that he would not have entered the plea but for these representations. Cf. Duggan v. State, 588 So.2d 1054 (Fla. 1st DCA 1991) (claim of ineffective assistance of counsel in misadvising defendant as to eligibility for gain time facially insufficient absent allegation that but for misinformation defendant would not have entered plea); Kidney v. State, 559 So.2d 1292 (Fla. 2d DCA 1990) (counsel's misinformation as to gain time insufficient where defendant did not claim that gain time played any part in initial decision to plea).
Since Montgomery was not asked, and did not state on the record before the court that no promises were made to him other than those announced in the plea transcript, and the written plea agreement was not included, the record before this court does not refute his allegations that counsel made promises which were not kept.
This cause is therefore remanded to the trial court either to attach that portion of the record (the plea agreement) that evidences *229 that no such promises were made to Montgomery by his counsel or hold an evidentiary hearing on that portion of his motion.
REVERSED and REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.
NOTES
[1] We find his remaining grounds unsupported.