630 So.2d 198 (1993)
Tommy Lee GAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1450.
District Court of Appeal of Florida, Fifth District.
April 9, 1993.
Rehearing Denied January 26, 1994.
Tommy Lee Gaines, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Gaines appeals from an order which summarily denied his rule 3.850 motion[1] for post-conviction relief. He contends trial counsel rendered ineffective assistance by failing to inform him that he would not receive gain time if he were sentenced as an habitual offender, before he pled guilty to one count of unlawful possession of a controlled substance,[2] and one count of possession of a firearm by a convicted felon.[3] His 3.850 motion also requested the trial court vacate the judgment and sentence and allow him to withdraw his guilty plea.
Gaines alleges he first learned he would not earn gain time at the sentencing hearing, after he had entered his plea. He states he would not have entered a guilty plea and would have let his case be tried before a jury had he known about the loss of gain time. Nothing in this record disputes his claim.
The issue of how to handle trial defense counsel's failure to inform a defendant of the loss of gain time (or counsel's imparting incorrect information about gain time) which would result from a plea has been addressed by this court in recent decisions. In Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991), a motion for post-conviction relief asserted ineffective assistance of counsel and/or involuntariness of plea. Corbitt alleged that "prior to entering his plea, defense counsel incorrectly advised him ... that he would be eligible for all gain time." Id. This court stated, "Defendant is entitled to an evidentiary hearing to ascertain whether he was, in fact, incorrectly advised about entitlement to gain time, and whether such erroneous advice influenced his decision to plead." 584 So.2d at 232. If so, the defendant would be entitled to the relief he sought. The Corbitt opinion gives no indication that the motion explicitly claimed, as did the motion in the instant case, that Corbitt would not have entered his plea if his lawyer had given him *199 correct information about gain time; that was to be determined at the evidentiary hearing.
In Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991), an appeal from a sentence, the defendant argued on appeal that the trial court erred in refusing to let him withdraw his guilty plea prior to sentencing. After entering his negotiated plea, but before sentencing, Setzer learned that the habitual offender sentence to which he had agreed would result in his losing basic gain time. This court reversed the trial court's denial of his motion to withdraw the plea, and remanded for an evidentiary hearing on whether Setzer was informed of the consequences for gain time.
The Setzer court pointed out that a plea should be entirely voluntary and entered with knowledge and understanding of its consequences. Pursuant to Florida Rule of Criminal Procedure 3.171(c)(2), defense counsel is required to inform his client about the particulars attendant on the plea and the likely result thereof. It is the obligation of defense counsel to see that his client understands the direct consequences of his plea. Good cause to withdraw a plea is found where a defendant proves that the plea was entered without a proper understanding of its nature and consequences or was based upon a failure of communication or misunderstanding of the facts. "Entry of a guilty plea without being informed or having knowledge of the fact that the plea will result in the loss of basic gain time is improper and can form the basis for withdrawal of the plea." Id.
Setzer differs from the instant case because the issue in Setzer was plea withdrawal, and not ineffective assistance of counsel. Nevertheless, Setzer supports the view that the instant case should be remanded to the trial court for an evidentiary hearing. Gaines alleges clearly that he was not informed of the gain time consequences of his plea, and that he would not have entered the plea, but instead would have chosen to go to trial, had he been correctly informed.
Accordingly, we reverse and remand for further proceedings. The trial court may hold an evidentiary hearing on whether counsel failed to impart accurate information about loss of gain time, and whether (had Gaines been so informed) he would have refused the plea bargain. If so, Gaines should be entitled to withdraw his plea and be tried by a jury. Alternatively, the trial judge may attach such portions of the record which conclusively establish appellant is not entitled to relief on this ground.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Fla.R.Crim.P. 3.850.
[2] § 893.13(1)(f), Fla. Stat. (Supp. 1990).
[3] § 790.23, Fla. Stat. (1989).