PER CURIAM.
Gregory Lamar Fullwood appeals the summary denial of his motion for post conviction relief in which he asserts that his trial counsel was ineffective. He claims that he was misinformed about available credits and his expected release date. We hold that this issue may have merit and remand for further proceedings.
A negotiated plea agreement was executed in which Fullwood agreed to be sentenced to a term of 40 years’ incarceration. Allegedly, defense counsel informed Fullwood that he would receive CRD credits due to overcrowding and would not serve more than five years under the present award for prisoners. It is asserted that the Florida Parole Commission has now informed Fullwood that he is not entitled to CRD credits. He claims that his plea is undermined due to his belief that he would receive these credits based on counsel’s representations. Such erroneous advice may constitute ineffective assistance of counsel. See Young v. State, 604 So.2d 925 (Fla. 2d DCA 1992); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
The trial court has failed to address this allegation and does not attach any part of the record to support its order denying the motion. Fullwood is entitled to an evidentiary hearing to ascertain whether he was incorrectly advised by counsel and whether he would have refused the plea bargain had he been fully aware of the consequences. See Gaines v. State, 630 So.2d 198 (Fla. 5th DCA 1993); Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993).
Accordingly, we reverse and remand for further proceedings consistent with this opinion. In the alternative, the court may again deny the motion if it supports its order with those portions of the record that conclusively refute Fullwood’s allegations. We affirm the trial court’s order denying the motion in all other respects.
HALL, A.C.J., and PATTERSON and FULMER, JJ., concur.