638 So.2d 527 (1994)
Richard WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. 94-388.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
Rehearing Denied June 22, 1994.
*528 Richard Wilcox, pro se.
No appearance, for appellee.
HARRIS, Chief Judge.
Wilcox appeals the trial court's denial without hearing of his Rule 3.850 claim of ineffective assistance of counsel. He claims counsel was ineffective in failing to advise him, prior to his plea as an habitual offender, that he would not be entitled to basic gain time. He now seeks to withdraw his plea.
We are bound in this district by Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991). In holding that defense counsel has the obligation to ensure that a defendant understands the direct consequences of his plea, the Setzer court stated:
Here, in his motion to withdraw his guilty plea, appellant alleges as good cause the fact that he did not understand that by agreeing to be adjudicated as an habitual offender he forfeited his right to receive any basic gain time. At the motion hearing appellant was not permitted to introduce any evidence or to present any argument in support of this claim. Instead, the trial court simply denied the motion. In making this determination the trial court apparently concluded that, even assuming that appellant's claim is true, such a claim fails to constitute a valid basis for withdrawal. This conclusion is erroneous.
Setzer, 575 So.2d at 748.
While we acknowledge that Levens v. State, 598 So.2d 120 (Fla. 1st DCA 1992), and Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992), hold that there must be misadvice by counsel rather than mere nonadvice before a plea may be withdrawn on this basis, we believe that the supreme court in Ashley v. State, 614 So.2d 486 (Fla. 1993), has applied the reasoning of Setzer:
[O]ur ruling in Williams [v. State, 316 So.2d 267, 271 (Fla. 1975)] and the plain language of rule 3.172 require that before a court may accept a guilty or nolo plea from an eligible defendant it must ascertain that the defendant is aware of the possibility and reasonable consequences of habitualization... . the defendant must "know" beforehand that his or her potential sentence may be many times greater [than] what it ordinarily would have been under the guidelines and that he or she will have to serve more of it.
Ashley, 614 So.2d at 489. With this language, can there be any doubt that the defendant must be advised before his plea that he will lose any entitlement to basic gain time if he is adjudicated an habitual offender?
REVERSE for an evidentiary hearing on Wilcox's claim of ineffective assistance of counsel in accordance with Setzer.
PETERSON, J., concurs.
GRIFFIN, J., dissents, without opinion.