ALTENBERND, Judge.
Randall Eugene Brown appeals the summary denial of his July 21, 1992, motion for postconviction relief. This motion relates to his April 13, 1990, conviction for felony DUI and a resulting ten-year habitual offender sentence. We conclude that the trial court must resolve Mr. Brown’s claim of ineffective assistance of counsel. This matter is reversed and remanded for an evidentiary hearing on this single issue.[1]
Mr. Brown has an extensive history of driving under the influence of alcohol. In 1987, he was charged with and convicted of felony DUI, which requires three prior convictions for DUI. § 316.193(2)(b), Fla.Stat. (1987). Mr. Brown filed a postconviction motion, claiming that he lacked the sufficient prior offenses to warrant felony treatment on that occasion. The trial court denied the motion, and this court affirmed on appeal. Brown v. State, 585 So.2d 938 (Fla. 2d DCA 1991). In 1990, Mr. Brown was convicted of a second felony DUI offense that occurred in 1988. This conviction was also challenged by a postconviction motion, which was denied in the trial court and affirmed on appeal. Brown v. State, 594 So.2d 741 (Fla. 2d DCA 1992).
In this proceeding, Mr. Brown challenges his third conviction for felony DUI, which *215 occurred in 1989. He has filed numerous documents and made a number of claims, but his primary allegations are threefold. First, he continues to claim that he lacks the sufficient prior convictions for felony treatment. Second, he maintains that the prior felony DUI convictions cannot be used as prior convictions for habitualization because they were improperly classified as felonies. Finally, he maintains that he received ineffective assistance of counsel.
We agree with the trial court that Mr. Brown had a sufficient criminal record to be convicted of felony DUI on these three occasions and to be treated as a habitual offender. The trial court has provided this court with documentation to establish these convictions. Mr. Brown contends that the trial court relied on various arrests for DUI that apparently did not result in convictions. These arrests are not the basis for his felony treatment. The five relevant DUI convictions are: (1) misdemeanor DUI, Duval County case number 79-22700MM; (2) misdemeanor DUI, Duval County case number 83-11185-3/83-21289MM; (3) misdemeanor DUI, Hillsborough County case number 87-017935-PR; (4) felony DUI, Hillsborough Circuit case number 87-1226-E; and (5) felony DUI, Hillsborough Circuit case number 89-2311-E. The second conviction for purposes of habitualization is a 1983 conviction for the second-degree felony of dealing in stolen property.
The claim of ineffective assistance of counsel is based on alleged erroneous advice that caused Mr. Brown to enter an open plea of guilty to this third DUI offense. Mr. Brown contends that his attorney incorrectly informed him about the possible sentence he faced. He claims that had he known the true consequences, he would not have entered into the open plea that resulted in the maximum legal sentence.
Mr. Brown alleges that his attorney assured him that a voluntary plea would not result in a habitual felony offender sentence and that the maximum sentence he could receive was five years’ imprisonment. Additionally, Mr. Brown suggests that his attorney misstated the effect of gaintime on his sentence and his eligibility for provisional release credits. Such erroneous advice may constitute ineffective assistance of counsel that might entitle Mr. Brown to withdraw his plea. See Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Gaines v. State, 630 So.2d 198 (Fla. 5th DCA 1993); Hamlin v. State, 627 So.2d 569 (Fla. 2d DCA 1993); Young v. State, 604 So.2d 925 (Fla. 2d DCA 1992); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
Accordingly, we reverse this part of the trial court’s order and remand for an eviden-tiary hearing as to the July 21, 1992, motion in accordance with this opinion. In all other respects, the trial court’s order denying the motion is affirmed.
Affirmed in part, reversed in part, and remanded with directions.
THREADGILL, A.C.J., and BLUE, J., concur.

. The motion on appeal and its unsworn predecessor were initially misplaced by the clerk of circuit court. A subsequent motion was attached to the order on appeal when it was sent to this court. After some delay caused by this confusion, we received additional documents from the trial court, including the motion on appeal. We have reviewed all of Mr. Brown’s numerous filings in this court concerning all of his convictions for felony DUI. The issue remanded to the trial court by this opinion is the only issue in any of these proceedings that requires additional consideration.