PER CURIAM.
Christopher Mobley appeals the summary denial of his motion for posteonviction relief. The only allegation warranting discussion concerns the claim that counsel was ineffective when she erroneously informed Mobley that he would be eligible for incentive gain time while serving the minimum mandatory term of his habitual violent felony offender sentence. Because Mobley’s allegation is not refuted by the plea colloquy and plea agreement, we reverse and remand for an eviden-tiary hearing as discussed below.
*1347 Mobley entered a negotiated plea on January 19, 1993, and was sentenced as a habitual violent felony offender on February 25, 1993. In his motion for postconviction relief, Mobley indicated that but for counsel’s misstatements he would not have entered into the plea. The court denied the motion, reasoning that as Mobley had stated during the plea colloquy that no promises had been made to him and did not at that time reveal any additional expectations he may have had, the record refuted his allegations of misinformation. The court relied upon Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992), to support its determination that it was incumbent upon Mobley to reveal any promises made which induced him into entering a guilty plea.[1]
Under the facts of this case, the trial court’s conclusion is incorrect. Erroneous advice of counsel may constitute ineffective assistance of counsel which may entitle an appellant to withdraw his plea. The vol-untariness of the plea may be undermined by defense counsel’s alleged misrepresentations about eligibility for gain time credits. See Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Young v. State, 604 So.2d 925 (Fla. 2d DCA 1992); Gaines v. State, 630 So.2d 198 (Fla. 5th DCA 1993); Muschett v. State, 609 So.2d 630 (Fla. 4th DCA 1992); Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
Accordingly, we remand this matter for an evidentiary hearing for the court to determine whether Mobley was, in fact, incorrectly advised about his eligibility for gain time credit. In all other respects the denial of the motion is affirmed.
Affirm in part, reversed in part, and remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and PARKER and LAZZARA, JJ., concur.

. The trial court’s reliance on Simmons was misplaced since that case concerns the ramifications of a failure to warn a defendant that he would be ineligible for gain time credits because he was to be sentenced as a habitual felony offender, rather than a claim that the defendant relied upon information affirmatively stated by counsel which was incorrect.