PER CURIAM.
Louis Jones appeals the summary denial of his motion for postconviction relief. In a single issue, Jones claims that before he entered into a plea agreement, counsel affirmatively stated that he would be eligible for gain time. Upon arrival at prison he was informed that he was not eligible for gain time because he had been convicted of sexual batteries. Jones states that had he known that he was not eligible for gain time he would not have entered into the plea agreement.
The allegations are facially sufficient because such erroneous advice may constitute ineffective assistance of counsel which might entitle an appellant to withdraw his plea. See Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Young v. State, 604 So.2d 925 (Fla. 2d DCA 1992).
Accordingly, we remand this matter for an evidentiary hearing for the court to determine whether Jones was, in fact, incorrectly advised about his eligibility for gain time credit.
Reversed and remanded with instructions.
ALTENBERND, A.C.J., and BLUE and WHATLEY, JJ., concur.