732 So.2d 335 (1998)
Jimmy Lee McFADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3074.
District Court of Appeal of Florida, First District.
October 15, 1998.
*336 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant was adjudged guilty of attempted robbery with a weapon. In that he had been convicted of felony petit theft within five years of the latest conviction, he was sentenced as an habitual felony offender. The issue presented is whether the trial court erred in using felony petit theft as a predicate for imposition of the habitual felony offender sentence. We affirm but certify a question deemed to be of great public importance.
The applicable provisions of the habitual offender statute, section 775.084, state:
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
2. The felony for which the defendant is to be sentenced was committed:
. . . .
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.
Prior to 1992, a person adjudicated guilty of felony petit theft was subject to sentencing as provided by sections 775.082, 775.083, and 775.084, the habitual offender statute. See § 812.014(2)(d), Fla.Stat. (1991)[now renumbered as § 812.014(3)(c)]. However, in 1992, the legislature amended the petit theft statute, and in so doing, deleted any reference to section 775.084. See Ch. 92-79, § 1, Laws of Fla.; Ridley v. State, 702 So.2d 559 (Fla. 2d DCA 1997). "The Committee Notes on the 1992 amendment provide that `[T]he changes in the committee substitute provide the person who is prosecuted on an enhanced penalty for petit theft is not subject to habitual offender penalties.' Staff of Fla. Comm. On Crim. Just., HB 421 (1992) Staff Analysis 6." See Berch v. State, 691 So.2d 1148, 1149 (Fla. 3d DCA 1997).
In Brown v. State, 647 So.2d 214, 215 (Fla. 2d DCA 1994), the trial court relied upon a 1989 felony DUI conviction and a 1983 conviction of dealing in stolen property as the predicate for imposition of habitual offender sentencing on Brown's 1990 conviction for felony DUI. The applicable DUI penalty provision, section 316.193(2)(b), provides:
(b) Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation may be not less than $1,000.
The appellate court agreed with the trial court that Brown had a sufficient criminal record to be convicted of felony DUI and to be treated as an habitual offender.
In Brown, as in this case, the qualifying conviction within the preceding five years was a misdemeanor conviction elevated to a third degree felony by virtue of prior convictions. The use of the felony DUI as the predicate conviction was approved in Brown. The only distinction between this *337 case and Brown seems to be that the applicable DUI penalty provision expressly provides that one convicted of felony DUI may be sentenced in accordance with section 775.084, the habitual offender statute. In contrast, the felony petit theft provision applicable in this case specifies that punishment may be imposed only in accordance with sections 775.082 and 775.083.
In accordance with the rule that "penal statutes must be strictly construed according to their letter," see Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991), it appears the deletion of habitual offender sentencing from the felony petit theft penalty provision should be interpreted as pertaining only to the offense then before the court for sentencing. Since a prosecution for felony petit theft involves an enhancement from the permissible penalty for a misdemeanor, arguably further enhancement of the same offense through application of an habitual offender sentence would be improper. However, there appears to be no double enhancement problem when a prior felony petit theft conviction is used as the qualifier prior conviction within the preceding five years, for purposes of habitual offender sentencing.
We affirm, but certify as a question of great public importance, whether a prior conviction for felony petit theft can be used as a qualifying offense under section 775.084, Florida Statutes.
JOANOS and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.