KLEIN, J.
Appellant was convicted of burglary and argues that the trial court erred in instructing the jury, in response to a question, that it was not to consider the value of the property which appellant allegedly intended to take. We reverse.
Appellant was caught inside fenced property owned by Frito-Lay, Inc., holding an empty garbage bag, and standing by a dumpster into which Frito-Lay routinely placed out-of-date chips. Appellant admitted he was going to take the chips from the dumpster. Frito-Lay had adopted the procedure of keeping the out-of-date chips in a dumpster in an enclosed area, rather than on the street, because it did not want the chips taken and resold as if they were fresh.
The key issue in the case was whether the chips had any value. Appellant’s counsel argued that they had no value and could not therefore have been the subject of a theft. If taking the chips would not have constituted a theft, it would have undermined the state’s claim that appellant had committed a burglary, which requires that there be an intent to commit an offense, and appellant would have been guilty only of a trespass.
During deliberations the jury submitted a note to the trial court which stated: “We agree that he is guilty of trespass. What is the value of the stuff in dumpster?” The court then brought the jury in and, after further inquiry, instructed the jury that: “With respect to value, *170 you are not to concern yourself with the value for the purposes of this trial.” Appellant objected to this instruction; however, the court gave appellant the choice of that instruction or: “If the value of the property cannot be ascertained, the trier-of-fact may find the value to be not less than as [sic] certain amount. If no such minimum value can be ascertained, the value is an amount less than $100.” Given that choice, appellant agreed to the first instruction, but now contends that it was error.
Theft involves the improper taking of “the property of another.” § 812.014(1), Florida Statutes (1997). Property is “anything of value.” § 812.012(3). Value is “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(9)(a)l.
Appellant relies on State v. Black, 617 So.2d 777 (Fla. 3d DCA 1993), and Valdez v. State, 492 So.2d 750 (Fla. 3d DCA 1986), which imply that it is impossible to steal trash. That is consistent with the rule devised in fourth amendment search and seizure cases that:
[T]he act of placing garbage for collection is an act of abandonment which terminates any fourth amendment protection because, “absent proof that a person has made some special arrangement for the disposition of his garbage inviolate, he has no reasonable expectation of privacy with respect to it once he has placed it for collection.”
Stone v. State, 402 So.2d 1330, 1333 (Fla. 1st DCA 1981)(quoting United States v. Crowell, 586 F.2d 1020, 1025 (4th Cir.1978)).
Although there was certainly evidence in this case from which the jury could have found that the chips had value and could therefore be the subject of a theft, the jury could also have found that the chips had no value and that appellant was guilty only of trespass. Instructing the jurors that they were not to consider value was thus error. Nor do we agree with the state that the error was not preserved. Appellant only agreed to the instruction as a lesser of two evils, and it is clear from the record that he did not want the instruction to be given. We therefore reverse and remand for a new trial.
FARMER and STEVENSON, JJ„ concur.