LAWSON, J.
Richard Hayward appeals from the trial court’s order denying his 3.850 motion for post conviction relief. Fla. R.Crim. P. 3.850. He claims that his trial attorneys were ineffective for failing to advise him, prior to plea, that he would be ineligible for gain time.[1]
In this case, Hayward was charged with one count of attempted first degree murder with a firearm and one count of shooting into an occupied vehicle, crimes which carry a potential sentence of life and fifteen years, respectively.[2] The information also alleged that Hayward discharged the firearm, causing death or great bodily harm. If proved, these facts would require the imposition of a twenty-five year minimum mandatory sentence under Florida’s “10/20/Life” statute. See § 775.087, Fla. Stat. (2002).
The conduct leading to these charges occurred while Hayward was standing on a curb, next to a parking space, teaching an acquaintance to parallel park. When the acquaintance accidentally bumped Hayward with the car, he pulled his gun and shot the acquaintance twice in the face. The acquaintance was severely injured, but survived the shooting. Post-mmroda, Hayward confessed.
On July 15, 2002, Hayward pled guilty to both charges in exchange for the minimum sentence permissible under Florida law— the twenty-five year minimum mandatory sentence required by section 775.087, Florida Statutes. At the time of his plea, the trial judge told Hayward that if he took the plea he would get “twenty-five years and that’s it.” When Hayward asked about “any chance of ... good behavior, or anything like that,” the court responded that he had no control over gain time but that “under the current statutes of Florida this falls under the category of a 10/20/Life sentence.... ” He later explained that “it’s a minimum mandatory twenty-five without any gain time.”[3]
*270 As alleged by Hayward and found by the trial court, defense counsel advised Hayward at the time of his plea that he did not know whether gain time would be awarded on the minimum mandatory sentence; that Hayward would serve at least eighty-five percent of his sentence if gain time were awarded; but that Hayward should “presume the worst” and “count on the full sentence” with no award of gain time.
Counsel’s failure to fully and accurately advise Hayward that he would not be eligible for gain time constituted deficient performance below an objective standard of reasonableness. See Wilcox v. State, 638 So.2d 527 (Fla. 5th DCA 1994) (recognizing counsel ineffective for failing to advise defendant before entering his plea that he will lose entitlement to basic gain time if adjudicated as an habitual offender); Gaines v. State, 630 So.2d 198 (Fla. 5th DCA 1993) (same); see also Setter v. State, 575 So.2d 747 (Fla. 5th DCA 1991) (recognizing defendant would be entitled to withdraw guilty plea if he was not informed or lacked knowledge of fact that plea would result in loss of basic gain time).
While Wilcox, Gaines and Setter dealt with gain time ineligibility for habitual offender sentences, the same reasoning applies to cases involving gain time ineligibility on minimum mandatory sentences.
The conclusion that counsel’s performance was defective, however, is not completely dispositive of the issue on appeal. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must also demonstrate prejudice as a result of counsel’s deficient performance. In this case, it is abundantly clear from the record that although Hayward was not fully and accurately advised by counsel, he none-the-less accepted his plea without an expectation of receiving gain time. He was advised to “presume the worst” and “count on the full sentence” with no gain time award. And, at no time during the evidentiary hearing did Hayward testify that he would not have entered the plea had he been certain that no gain time would be awarded.
Additionally, given Hayward’s statements to police, along with the other evidence against him, he does not appear to have had a defensible case. This was defense counsel’s assessment of the case as well. Defense counsel also testified that Hayward would almost certainly have been sentenced to life absent a plea agreement with the State. In addition to being contrary to all evidence in the record, it defies logic to suggest that Hayward would have rejected the State’s plea offer and risked an almost certain life sentence over uncertainty regarding ' gain time applicability.
In short, because Hayward entered his plea with the understanding that he could not count upon any gain time award, he cannot show prejudice.
Appellant argues that Wilcox, Gaines and Setter require reversal. However, because none of these cases addressed the prejudice prong of Strickland, we find them distinguishable. Setter involved a motion to withdraw plea prior to sentencing, where no Strickland prejudice analysis is required. In Wilcox, this court simply reversed the matter for a 3.850 evidentiary hearing, where the issue of prejudice would have been determined. Finally, Gaines involved a motion to withdraw plea in which it was undisputed that the defendant would not have entered his plea had he been informed of the unavail *271 ability of gain time to his enhanced sentence.
Having found no prejudice, we affirm.
AFFIRMED.
SHARP, W., and TORPY, JJ., concur.

. Several other claims were raised in Hayward’s post conviction motion. Although the trial court denied relief on all claims, Hayward abandoned all other issues on appeal and challenges only the denial of this claim.

. §§ 782.04(l)(a)l; 777.04(1); 775.087; 790.19, Fla. Stat. (2002)

.Despite this unequivocal and accurate statement of the law from the trial court, Hayward’s counsel seemed to suggest during the plea proceeding that there might be a question regarding gain time applicability to the minimum mandatory sentence. In response, the trial court equivocated as well and simply *270 stated that he did not “get involved" in gain time awards. The 3.850 motion was decided by a different judge than the one who took the plea.