PER CURIAM.
Sam Cherry has appealed from an order of the trial court summarily denying his motion for post-conviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand for further proceedings under the rule.
In December 1989, Cherry pled nolo con-tendere to dealing in stolen property in return for a nine year sentence as an habitual offender. He appealed to this court, challenging the constitutionality of the habitual offender statute; the court affirmed without opinion. Cherry v. State, 581 So.2d 1312 (Fla. 1st DCA 1991). In March 1991, Cherry filed the instant motion alleging ineffective assistance of counsel in that his counsel coerced him into entering a plea, and failed to explain the consequences of agreeing to the imposition of habitual offender status. The trial court summarily denied the motion, finding its allegations refuted by the written plea form, and the transcript of the plea and sentencing proceeding. Although the order purports to attach the form and transcript, no such attachments appear in our record.
When a 3.850 motion is denied without a hearing, and such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Rule 3.850, Fla.R.Crim.P. No such attachment was made in this case. Therefore, the order of the trial court is reversed, and the case remanded for either attachment of that portion of the files and records conclusively showing that Cherry is entitled to no relief, or for further proceedings pursuant to Rule 3.850.
*495 Reversed and remanded with directions.[1]
JOANOS, C.J., SHIVERS and ZEHMER, JJ., concur.

. Because reversal in this case is based entirely upon the trial court’s omission to attach that portion of the files and records conclusively showing that Cherry is entitled to no relief, the court does not request a response from the Attorney General prior to reversal as set forth in Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986).