PER CURIAM.
This cause is before us on appeal from the trial court’s summary denial of appellant Brooks’ 3.850 motion for post-conviction relief. Because the trial court failed to include attachments to its order conclusively showing that Brooks is entitled to no relief under rule 3.850(d), we must reverse and remand for the trial court to either conduct an evidentiary hearing or include the appropriate attachments supporting denial. Fla.R.App.P. 9.140(g); Hall v. State, 603 So.2d 650 (Fla. 1st DCA 1992); Wells v. State, 598 So.2d 259 *150 (Fla. 1st DCA 1992); Cherry v. State, 590 So.2d 494 (Fla. 1st DCA 1991).
REVERSED AND REMANDED.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.