PER CURIAM.
We review an order denying a motion to vacate judgments and sentences filed under Florida Rule of Criminal Procedure 3.850 on grounds of ineffective assistance of counsel. The State has confessed error as to the denial of an evidentiary hearing on the allegation that trial counsel refused to permit the movant to testify when he stood trial. This confession of error necessarily concedes that the motion’s allegation of resulting prejudice was sufficient as to this claim. See Oisorio v. State, 676 So.2d 1363 (Fla.1996).
On the other hand, the State questions the sufficiency of identical allegations of prejudice relating to virtually all other claims of ineffective assistance of counsel. We reject any contention that the allegation of prejudice flowing from the alleged failure to object to the witness Frame’s testimony was inadequate, but agree that the allegations of prejudice are eonclusory at best regarding other claims of ineffective assistance of counsel. In any event, because no portion of the record is attached to the order refuting at least one clearly sufficient claim and because the State has conceded the need for an evidentia-ry hearing, we reverse for further proceedings below. See Cherry v. State, 590 So.2d 494 (Fla. 1st DCA 1991).
REVERSED and REMANDED.
BARFIELD, C.J., and DAVIS and BENTON, JJ., concur.