IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROY W. MINTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0645

Opinion filed April 11, 2017.

An appeal from an order of the Circuit Court for Suwannee County.
Paul S. Bryan, Judge.

Roy W. Minton, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

**ORDER IMPOSING SANCTIONS**

PER CURIAM.

      Appellant is serving concurrent life sentences after having been convicted of sexual battery of a child and other offenses. His convictions and sentences were

per curiam affirmed on direct appeal and have now been final for more than 22 years. See Minton v. State, 649 So. 2d 237 (Fla. 1st DCA 1995) (mandate issued Feb. 3, 1995).

Prior to this case, Appellant had filed four motions for postconviction relief under Florida Rule of Criminal Procedure 3.850, all of which were denied in orders that were per curiam affirmed on appeal. See Case Nos. 1D02-5139,[1] 1D05-4042, 1D10-3418, 1D14-362. The order that was per curiam affirmed in this case summarily denied Appellant's fifth rule 3.850 motion.

The order affirmed in this case clearly explained why the claims raised in Appellant's motion were successive and why the newly discovered evidence exception to the two-year time limit on postconviction claims did not apply to these claims. The initial brief filed by Appellant in this appeal did not present an arguable basis for reversal of the order. Accordingly, this appeal was frivolous and never should have been filed.

Based on Appellant's filing history and continued frivolous attacks on his decades old convictions, we issued a Spencer[2] order directing Appellant to "show cause why sanctions should not be imposed on him, including but not limited to a

---

[1] This was the appeal of the order denying Appellant's initial rule 3.850 motion that was entered on remand from Minton v. State, 702 So. 2d 638 (Fla. 1st DCA 1997), in which the State conceded that an evidentiary hearing was necessary on one of the claims in the motion.

[2] State v. Spencer, 751 So. 2d 47 (Fla. 1999)

prohibition on the filing of any additional pro se appeals or petitions in this court relating to Suwannee County Case No. 1992-109-CF." Appellant filed responses to the order in which he expressed some contrition for his prior filings, but primarily reargued the perceived merits of the claims in his current motion, complained about the prison law library system, blamed his filings on bad advice from prison law clerks, and made a frivolous argument that his current motion was not successive because the trial court never fully disposed of his initial rule 3.850 motion. We have carefully considered Appellant's responses, but find that they fail to show cause why sanctions should not be imposed.

Accordingly, we hereby prohibit Appellant—Roy Minton, DOC Inmate No. 786933—from filing any pro se appeals, petitions, or other cases in this court relating to Suwanee County Case No. 1992-109-CF. The Clerk is directed not to accept any filings from Appellant related to that case unless they are signed by a member in good standing of The Florida Bar. Additionally, Appellant is cautioned that any future filings in violation of this order may result in the imposition of additional sanctions. See § 944.279, Fla. Stat.; Fla. R. App. P. 9.410(a).

It is so ordered.

WETHERELL, BILBREY, and JAY, JJ., CONCUR.