DANIEL S. PEARSON, Judge.
The State appeals the trial court’s Order Granting Writ of Error Coram Nobis and setting aside a 1974 order withholding adjudication on Brick’s guilty plea to five counts of issuing worthless checks. We reverse.
It affirmatively appears on the face of Brick’s petition for writ of error coram nobis that the fact upon which the petition is based — that is, that before issuing the worthless checks Brick had informed the payee[1] that he did not have on deposit sufficient funds to insure payment of them — was quite obviously known to Brick at the moment he allegedly told the payee of his fiscal inadequacy and, of course, in 1974 when he entered his guilty plea. Since it is apodictic that the fact upon which a petition for writ of error coram nobis is based must be newly discovered and thus must not have been known by the petitioner at the time of trial — or here, at the time of his plea of guilty — relief by way of coram nobis will not lie. See Smith v. State, 400 So.2d 956 (Fla.1981); Hallman v. State, 371 So.2d 482 (Fla.1979); Tafero v. State, 406 So.2d 89 (Fla.3d DCA 1981). That neither Brick, nor his counsel (who, according to Brick, was told by Brick of his conversation with the payee), discovered the legal significance of Brick’s alleged disclosure to the payee [2] until eleven years after the plea of guilty is of no moment: it is the fact, not its legal significance, which must be newly discovered to entitle one to coram nobis relief.
Reversed and remanded with directions to reinstate the March 14, 1974, Order Withholding Adjudication.[3]

. Each of the five checks was issued to Winn-Dixie Stores, Inc.

. Under Section 832.05(3), Florida Statutes (1973), where the payee of a check, draft, or other order "knows or has been expressly notified or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment thereof,” there is no crime.

.Our disposition makes it unnecessary to address the State’s further claim that Brick’s petition should have been barred by laches. See, e.g., Blatch v. State, 389 So.2d 669 (Fla.3d DCA 1980).