698 So.2d 378 (1997)
Roberta RESTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1589.
District Court of Appeal of Florida, Third District.
August 27, 1997.
Neil G. Taylor, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Elliot H. Scherker, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
*379 Before JORGENSON and SORONDO, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
During a plea colloquy, "it is incumbent upon the defendant to reveal any additional expectations he may have; generally, he will be estopped from later arguing a position contrary to statements made in open court or in writing." Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992). In the present case the record demonstrates that Resta specifically acknowledged that she could be subjected to deportation as a result of her no contest plea.[1] Had Resta presumed otherwise, it was imperative that she not stand mute during the plea colloquy. Bermudez v. State, 603 So.2d 657 (Fla. 3d DCA), rev. denied, 613 So.2d 1 (Fla.1992); Ross v. State, 22 Fla. L. Weekly D1073, ___ So.2d ___, 1997 WL 209689 (Fla. 3d DCA Apr. 30, 1997); Simmons, 611 So.2d at 1250; State v. Brick, 490 So.2d 1330 (Fla. 3d DCA 1986).
Affirmed.
NOTES
[1] THE COURT: And are you a citizen of the United States?

[RESTA]: No, I'm not.
THE COURT: I need to explain to you that you could be subjected to deportation by entering this plea; do you understand that?
[RESTA]: Yes, I do.
THE COURT: Do you still want to enter into this plea agreement?
[RESTA]: Yes, [I] do.