HARRIS, Judge,
concurring specially:
I concur in the denial of Boyne’s Motion for Rehearing of our previous PCA in his *247 appeal from the trial court’s denial of his Rule 3.850 motion to withdraw his plea but, because of an impassioned but reasoned request by defense counsel that we state our basis, I have decided to explain myself.
Normally we would merely say “enough is enough” and that seems sufficient in this case. In March 1992, Boyne was charged with the first-degree murder of Regina Burns in the presence of one of her children. In February 1993, he pled guilty pursuant to a negotiated plea with the State. He was sentenced in accordance with his agreement. He did not appeal. Pursuant to his plea agreement, the trial court recommended that he be sentenced under the interstate compact agreement and he was. In April 1993, he was imprisoned in Arizona from where, a year and a half later, he filed a habeas corpus petition claiming, among other things, that his plea was involuntary because it was coerced. His petition was transferred to the United States District Court (Middle District of Florida) which denied the petition and a request for rehearing in 1994.
Also in 1994, at Boyne’s request, his incarceration was transferred back to Florida. Back in Florida, Boyne filed his motion to withdraw plea arguing that a condition of his plea was that he would not be incarcerated in Florida and that the State had breached its plea agreement. Although Boyne made only this claim in his motion, he attached documents raising other claims.
The trial court denied his motion stating that the agreement required only that the state recommend sentencing under the interstate compact agreement and that the court was free to accept or reject that recommendation. The court further stated that although the court made the recommendation, the final decision rested with the Department of Corrections. Both the State and the trial court followed the recommendation in the plea agreement.
In 1995, Boyne again petitioned for habeas corpus seeking a belated appeal because of ineffective appellate counsel. This court denied his petition as well as his appeal from the trial court’s denial of his motion to withdraw his plea.
Three days before the running of the two-year time limit and while his appeal from the trial court’s denial of his motion to withdraw plea was pending here, Boyne filed his 3.850 motion alleging substantially the same arguments that he had previously been making. Almost two years later, he filed “an amended motion” adding grounds that would now be barred by the time limitation.
I agree that his arguments, all of them, either were raised on appeal and denied, should have been raised on appeal but were not and are therefore waived, or they lack merit. I will, however, discuss his claim of coercion because there may be some confusion in the law that further discussion may benefit.
Boyne claims that the victim’s brother accosted him in the courthouse on the day of his plea and beat him and threatened him. Because of this, he claims, his subsequent plea was not voluntary. Although I have not found it specifically discussed in the context of a plea colloquy, surely the doctrine of invited error must have some relevancy even in this situation.[1] A party may not invite error and then be heard to complain of that error on appeal. See Terry v. State, 668 So.2d 954 (Fla.1996); Pope v. State, 441 So.2d 1073 (Fla.1983).
In this case, in the presence of the judge, his lawyer, bailiffs, and the public, Boyne professed that his plea was voluntary and was not entered because of either promises or threats. Boyne should have felt safe enough in this courtroom setting to tell the truth. If Boyne felt coerced at the time of his plea and did not so inform the judge, then he invited the court to accept a coerced plea. *248 Even if he is now telling the truth, there is no justification for permitting him to lie to the court then and giving him relief from it now. In State v. Leroux, 689 So.2d 235 (Fla.1996), the supreme court held that the plea colloquy was insufficient to rebut the defendant’s claim for relief based on counsel’s misrepresentation because a negative denial to the judge’s question of whether anyone had promised him something did not conclusively rebut his claim that his counsel had misrepresented his eligibility for gain time or early release. Thus, the law is not that any specific claim by appellant cannot be adequately rebutted by the plea colloquy, it is that it all depends on the specificity of the colloquy. I submit that the result of Leroux would have been different had a more specific question been asked and had a negative answer been received. Here, the specific question was asked as to whether the plea was the result of coercion and his answer was no. It must now remain so.

. Other courts have discussed the similar, if not identical, concept of estoppel in this situation. See State v. Leroux, 689 So.2d 235, 238 (Fla.1996) (defendant who has initially acknowledged under oath that no such promises have been made will generally be estopped at a later time to claim otherwise), and Resta v. State, 698 So.2d 378, 378 (Fla. 3d DCA 1997) (during plea colloquy, it is incumbent upon the defendant to reveal any additional expectations he may have because generally he will be estopped from later arguing a position contrary to statements made in open court or in writing), both relying in part upon Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992).